(No. 44177.—

CORN PRODUCTS CO., Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Robert Bozarth, Appellee.)

*Opinion filed March 30, 1972.*

JOHN E. CASSIDY, JR., of Chicago, of CASSIDY & CASSIDY, for appellant.

W. H. BECKWITH & WARREN DANZ, of Chicago, for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Tazewell County which confirmed the Industrial Commission's confirmation of the arbitrator's award of compensation to the employee under sections 8(c)(for disfigurement) and 8(e)(for 5% loss of use of each arm) of the Workmen's Compensation Act. Ill.Rev.Stat. 1967, ch. 48, pars. 138.8(c) and (e).

The employee was injured while walking in a squatting position between some tanks to check a meter. As he did so his head struck a valve and he was knocked over on his back. He received a cut on his forehead and also claims to have suffered some loss of use of his arms.

In his first application for adjustment, the employee claimed that he injured his head. Six months later, one week after receiving a doctor's report showing some injury to his spine, an amended application for adjustment was filed, adding a claim that the employee had suffered injury to his neck and arms. The employer does not contest the right to amend the application for adjustment but contends that the additional claim for injury to the neck and

arms, not being made until after a doctor's report indicated the presence of an injury to his spine, is suspect. The employer contends that this fact, coupled with the failure of the employee to manifest any subjective complaint of discomfort until after the doctor's report, contradicts any finding of disability to the employee's arms caused by the accident.

The employee testified that after striking his head he fell to the floor and struck his neck after which he felt pain in his neck. The medical report of the doctor, which is the only medical evidence in the record, shows objective limitation of motion in the cervical spine in all directions and objective limitations of the internal rotation of both arms. The report of the doctor found disability from the accident which caused an aggravation of a pre-existing arthritic condition. The report stated: "In my opinion this patient had an injury to his head resulting in the scar described above which is permanent and also his cervical spine causing an aggravation of pain in his shoulders and arms and he will have a certain amount of permanent partial loss of use of both arms as a result thereof."

An employee is entitled to recover for all the consequences attributable to an aggravation of a pre-existing condition. *(Acuff v. Industrial Com., 41 Ill.2d 293; Rittler v. Industrial Com., 351 Ill. 338.)* The employer has offered no evidence to contradict that offered by the employee on this point. Although the circumstances surrounding the making of the claim for this injury may warrant consideration by the trier of facts, we do not consider them to be so effective by way of impeachment as to destroy the probative value of the evidence offered by the employee. The Industrial Commission had for consideration not only the evidence offered by the employee but also the circumstances surrounding the making of this claim for loss of use of his arms. We are not concerned on review with the weighing of these circumstances against the employee's evidence. This has

been accomplished by the Industrial Commission. We are now concerned with whether the finding of the Industrial Commission as to the loss of use of the arms is against the manifest weight of the evidence. *(Proctor Community Hospital v. Industrial Com., 41 Ill.2d 537; Chicago Tribune v. Industrial Com., 42 Ill.2d 476.)* We think it is not.

The employer contends that the award for disfigurement was excessive. The cut which the employee sustained on his head resulted in a scar three-fourths of an inch to one inch in length directly below the hairline. In addition the employee has another scar from his boyhood days which is three-fourths of an inch long and vertical, going from the corner of his eyebrow. Since he had a previous scar similar to the one sustained as a result of his employment and since there was no proof that the second scar affected his capacity to earn, the employer contends that the award for his disfigurement was excessive, relying on *Superior Mining Co. v. Industrial Com., 309 Ill. 339.* In the last cited case the employee received minor scars above the eye which could not be seen when the eyes were opened. This court there stated that it was not the intention of the Act to authorize compensation for every trifling mark that could be discovered by the closest inspection.

Section 8(c) provides for compensation "for any serious and permanent disfigurement to the hand, head, face or neck ***." *Superior Mining Co.* held that the disfigurement must be both permanent and serious. However, in *Williams Co. v. Industrial Com., 303 Ill. 352,* this court held that the statute does not require that there be a showing of loss of earning power before compensation can be paid for disfigurement.

In *Superior Mining Co.*, at page 340, this court defined disfigurement as "that which impairs or injures the beauty, symmetry or appearance of a person or thing; that which renders unsightly, mis-shapen or imperfect or deforms in some manner." No photograph of the em-

ployee is contained in the record, so we are unable to determine whether the scar is inconspicuous as were the scars in *Superior Mining Co.* The doctor's report states "examination of his forehead revealed a linear scar three-fourths of an inch long, about the middle of the forehead and one-half inch below the hairline." Nothing in the record indicates that it is not noticeable. The employee appeared before the arbitrator who observed the scar and made the award which was confirmed by the Commission. Under these circumstances we cannot say that the scar was neither serious nor permanent or that the finding of the Commission was against the manifest weight of the evidence.

The employer contends that the employee cannot recover for both disfigurement under section 8(c) and loss of use of his arms under section 8(e) claiming that both conditions resulted from the same injury. This contention is based on a further provision of section 8(c) which provides: "No compensation is payable under this paragraph where compensation is payable under paragraphs (d), (e) or (f) of this Section." However, section 8(c) further provides: "When the disfigurement is to the portions of the body designated in this paragraph, as a result of any accident, for which accident compensation is not payable under paragraphs (d), (e) or (f) of this Section, compensation for such disfigurement may be had under this paragraph." The disfigurement here involved the employee's face for which injury no compensation was payable under paragraphs (d), (e) or (f), whereas the award for compensation under paragraph (e) was for injury to a different portion of his body—his arms.

The Industrial Commission has no authority to award compensation for disfigurement of the same member for which an award for loss of use is also made when both awards arise out of the same accident. *(Wells Bros. Co. v. Industrial Com., 285 Ill. 647; International Coal and Mining Co. v. Industrial Com., 293 Ill. 524; Wargo v.*

*Industrial Com., 31 Ill.2d 143.*) However, when from a single accident a disfigurement is caused to one member of the body and a disability to another member of the body, an award can be made for the disfigurement under 8(c) and for loss of use of the other member under 8(e). (See *International Coal Co. v. Industrial Com.; Wargo v. Industrial Com.*) The Industrial Commission therefore properly awarded the employee in this case compensation under paragraph 8(c) for disfigurement of his face and compensation under paragraph 8(e) for loss of use of his arms.

*Judgment affirmed.*