(No. 44460.—

JOHNSON ZEIGLER, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Northwestern Steel & Wire Company, Appellee.)

*Opinion filed March 30, 1972.*

138

KLEIMAN, CORNFIELD AND FELDMAN, of Chicago (LINZEY D. JONES, of counsel), for appellant.

HACKBERT, ROOKS, PITTS, FULLAGAR & POUST, of Chicago (DANIEL P. SOCHA and WILLIAM M. STEVENS, of counsel), for appellees.

MR. JUSTICE RYAN delivered the opinion of the court:

The employee, Johnson Zeigler, claims that he suffered an injury to his back on February 16, 1966, while at work at the Northwestern Steel & Wire Company's mill in Sterling, Illinois. The arbitrator found that he had been injured on that date and made an award under the Workmen's Compensation Act (Ill.Rev.Stat. 1965, ch. 48, par. 138.1 *et seq.*) for disability resulting from said injuries. On review before the Industrial Commission additional evidence was presented by the employer and the Commission found that the employee did not sustain accidental injuries on February 16, 1966, reversed the decision of the arbitrator and dismissed the application for the adjustment of claim. The circuit court of Whiteside County confirmed the decision of the Industrial Commission and the employee has appealed to this court from that decision.

The first issue raised on this appeal is that the decision of the Industrial Commission is against the manifest weight

of the evidence. The employee requests this court to reverse the Industrial Commission and to reinstate the award of the arbitrator. He contends that the arbitrator "was the only decision maker who was in a position to make credibility determination," citing *Lewandowski v. Industrial Com. (1969), 44 Ill.2d 204.* This statement is not supported by the record. On review by the Commission two witnesses testified for the employer. Their testimony was in substantial conflict with that given by the employee before the arbitrator. Also, although the employee testified before the arbitrator that he had never had back trouble prior to the date of the alleged injury, documents introduced before the Commission showed that he had back trouble for more than six years before that date. A letter from the doctor who had treated him for several years was introduced before the Commission. It showed that this doctor had treated the employee for pains in his back in February of 1961 and because his back pains had persisted, in June, 1961, the doctor had X rays taken of his lumbo-sacral spine which revealed the possibility of a degenerated or herniated disc associated with hypertrophic osteoarthritic changes.

This court has often stated that the primary responsibility for determining facts and for judging the credibility of witnesses lies with the Industrial Commission and its decision will not be set aside unless it is contrary to the manifest weight of the evidence. *(Williams v. Industrial Com. (1971), 49 Ill.2d 317; Cebulski v. Industrial Com. (1971), 48 Ill.2d 289; Northwestern Steel & Wire Co. v. Industrial Com. (1967), 38 Ill.2d 441.)* The employee's claim of no prior history of back trouble was substantially rebutted and contradicted by the evidence presented to the Commission. Also, he was severely impeached on cross-examination by showing contradictory statements and claims concerning his back. These factors pose substantial credibility and factual questions to be deter-

mined by the Industrial Commission. We cannot say that the finding of the Industrial Commission was against the manifest weight of the evidence.

A question which this court has not been heretofore called upon to consider is present in this case because of some unusual circumstances. The employer had filed his petition for review of the decision of the arbitrator and a hearing was held on review before the Commission on October 17, 1968. The employee had requested oral argument before a majority of the Commission as provided in section 19(e) of the Workmen's Compensation Act. (Ill.Rev.Stat. 1967, ch. 48, par. 138.19(e).) Oral argument was had before the five Commissioners on December 20, 1968. On February 17, 1969, the terms of three of the Commissioners who had heard oral argument expired and they were replaced by three new Commissioners. On April 11, 1969, the decision on review was filed by the Industrial Commission signed by the five members of the Industrial Commission on that date, including the three new Commissioners who had not heard the oral argument on December 20, 1968. The employee contends that the right to oral argument is an indispensable part of a hearing and requests this court to reverse the decision of the Commission and remand the case to the Commission for oral argument before the Commission which will render a decision in the case. He urges that the refusal to grant him oral argument before the persons who will decide his case violates the provision of the Act which authorizes oral argument and also violates the due-process clauses of the Illinois and the Federal constitutions.

The employee raised this issue before the circuit court in a petition, and to disprove the contention the employer filed in the circuit court an affidavit of Lewis P. Gaines, who was a member of the Industrial Commission at the time of oral argument and who presided thereat. He is one of the Commissioners who was replaced. The affidavit recites that following oral argument the Industrial Com-

mission as then constituted, upon considering the evidence and oral argument, made its decision to reverse the arbitrator's decision. The affidavit states that he then entered on the file jacket this notation: "Decision on review, reverse arbitrator's decision, 'no accident occurred'." The affidavit further recites that it was the customary practice at that time to endorse the decision on the file jacket and that it was also the customary practice for the court reporter to prepare a typewritten copy of the decision for delivery to the parties as provided by the statute. However, the court reporter left the employ of the Industrial Commission and failed to prepare such a written decision before the expiration of the terms of the three Commissioners. A photo copy of the file jacket bearing the notation and certified as being a correct copy was also filed in the circuit court.

This court has held in workmen's compensation cases that the circuit court on review does not try the case *de novo* nor does it hear additional evidence. *(Plano Foundry Co. v. Industrial Com. (1934), 356 Ill. 186, 191; Zimmerman v. Industrial Com. (1972), 50 Ill.2d 335.)* In *Zimmerman* the employee, relying on *State ex rel. Madison Airport Co. v. Wrabetz (1939), 231 Wis. 147, 285 N.W. 504,* contended that additional evidence could be presented to the circuit court on review. We found that the question involved in *Wrabetz* was not involved in *Zimmerman* and did not pass on the question of whether, given a similar factual picture, we would say that new evidence could be introduced before the circuit court when reviewing a decision of the Industrial Commission.

In the case now before this court the question of the validity of the action of the Industrial Commission was raised by the employee in the circuit court. In order to determine the validity of the action of the Industrial Commission it was necessary to resort to evidence other than that contained in the record on review. The necessary facts were supplied by the affidavit and the file jacket. In

*Wrabetz* it was held that evidence *dehors* the record could be presented to the court to show illegal or unauthorized acts or conduct on the part of the Commission. In our case the evidence is offered to prove the reverse, that is, the legality or validity of the action or conduct of the Industrial Commission. When a question is raised in the circuit court as to whether the action or conduct of the Industrial Commission is invalid or unauthorized, then evidence other than that contained in the record on review may be considered by the circuit court to determine such issues.

The affidavit and file jacket show that the decision of the Industrial Commission was made by the same Commissioners who heard the oral argument and considered the evidence. The fact that the written document formalizing the decision was prepared after three of the Commissioners who rendered the decision left the office is not fatal to the decision. Neither is the fact that the written document was signed by three new Commissioners who had not heard oral argument.

The Act requires that after the hearing on review "the Commission shall file in its office its decision thereon, and shall immediately send to each party or his attorney a copy of such decision and a notification of the time when it was filed." (Ill.Rev.Stat. 1967, ch. 48, par. 138.19(e).) These requirements of the Act relate to the performance of ministerial functions which may be performed by the members of the Commission who may not have been members who made the decision. The making of the decision is an act of the Commission. The formalizing of the decision by preparing the written document, filing it in the Commission's office and sending copies thereof to the parties as required by the Act are likewise acts of the Commission independent of the act of making the decision. The Commission being a continuing administrative body *(Seko v. Hubb Knitting Co. (1940), 142 Pa.Super. 309, 16 A.2d 138; Tignor v. Allen & Garcia Co. (1932),*

*106 Pa.Super. 49, 161 A. 489)*, there is no reason why these acts must be performed by a Commission composed of the same members.

The decision of the circuit court of Whiteside County is affirmed.

*Judgment affirmed.*