(No. 80060.

MEYER PROCTOR *et al.*, Appellants, v. THE UP-JOHN COMPANY *et al.*, Appellees.

*Opinion filed February 20, 1997.—Rehearing denied March 31, 1997.*

HARRISON, J., concurring in part and dissenting in part.

Barry D. Goldberg, of Goldberg & Goldberg, and Ann Herbert (David A. Novoselsky and Linda A. Bryceland, of David A. Novoselsky & Associates, of counsel), all of Chicago, for appellants.

Alan N. Salpeter and Lily Fu, of Chicago, and Andrew L. Frey and Alan E. Untereiner, of Washington, D.C., all of Mayer, Brown & Platt, and Todd W. Kingma, of Kalamazoo, Michigan, for appellee The Upjohn Co.

Hinshaw & Culbertson (Stephen R. Swofford, of counsel), and Bollinger, Ruberry & Garvey (Maurice J. Garvey, of counsel), all of Chicago, for appellee Michael J. Davis.

Thomas H. Fegan, of Johnson & Bell Ltd., of Chicago, and Bruce N. Kuhlik and Jennifer A. Johnson, of Covington & Burling, of Washington, D.C. (Russel A. Bantham and Marjorie E. Powell, of Washington, D.C., of counsel), for *amicus curiae* Pharmaceutical Research & Manufacturers of America.

Hugh C. Griffin, of Lord, Bissell & Brook, of Chicago, and Robert N. Weiner, of Arnold & Porter, of Washington, D.C. (Hugh Young, Jr., Esq., of Reston, Virginia, of counsel), for *amicus curiae* The Product Liability Advisory Council, Inc.

CHIEF JUSTICE HEIPLE delivered the opinion of the court:

The sole issue in this case is whether a decision of the appellate court obtains within the meaning of the Illinois Constitution (Ill. Const. 1970, art. VI, § 5), the Ap-

pellate Court Act (705 ILCS 25/1(d) (West 1994)), and the rules of this court (145 Ill. 2d R. 22(c)) where two judges concur in the opinion, the third judge dissents, and one of the concurring judges then vacates his office before the opinion is filed. The short answer is, it does not.

The record before us shows that the jury rendered a verdict in this case in favor of the plaintiffs, Meyer and Marjorie Proctor, against defendant Upjohn. The appellate court affirmed subject to a reduction in the punitive damage award, but then granted Upjohn's petition for rehearing. Upon rehearing, the appellate court issued a modified opinion which reversed the circuit court's judgment against Upjohn and granted judgment notwithstanding the verdict in Upjohn's favor. 275 Ill. App. 3d 593. Justice McCormick, who participated in both the original opinion and the modified opinion, retired two months before the modified opinion was filed. The two remaining justices did not agree, with Justice DiVito listed as author, and Justice Hartman dissenting.

Two requirements are necessary for an appellate court opinion. First, three judges must participate in the decision of every case. 145 Ill. 2d R. 22(c). Second, the concurrence of two judges in the judgment of the court is necessary. 145 Ill. 2d R. 22(c); Ill. Const. 1970, art. VI, § 5; 705 ILCS 25/1(d) (West 1994). Absent the concurrence of at least two judges, the appellate court cannot render a valid judgment. See *Cirro Wrecking Co. v. Roppolo*, 153 Ill. 2d 6, 17 (1992).

With regard to the requirement that three appellate judges participate in the decision of each case, this court has held that the departure of a judge prior to the filing date will not affect the validity of the decision *so long as the remaining two judges concur. Cirro Wrecking Co. v. Roppolo*, 153 Ill. 2d at 17-19; but *cf. People ex rel. Director of Finance v. Young Women's Christian Ass'n*, 74 Ill.

2d 561 (1979) (allowing a 1-1 appellate decision to function as an affirmance of the trial court *where all the other appellate justices in the district had recused themselves*). Here, the two judges who remained on the panel when the modified opinion was filed did not agree and nothing precluded substituting another appellate judge to replace the third panel member who had retired. Consequently, the modified opinion was invalid.

Given the invalidity of the modified opinion, this court has no jurisdiction to entertain an appeal therefrom. 155 Ill. 2d R. 316; *People ex rel. Director of Finance v. Young Women's Christian Ass'n*, 74 Ill. 2d at 567. Accordingly, we order that this appeal be dismissed and instruct the appellate court to enter a constitutionally valid opinion or order disposing of the matters raised, briefed and argued subsequent to Upjohn's unanimously allowed rehearing petition.

*Appeal dismissed.*

JUSTICE HARRISON, concurring in part and dissenting in part:

Although the majority has not mentioned it, this case came before us under Rule 316 (155 Ill. 2d R. 316). That rule authorizes this court to review a decision of the appellate court where the appellate court certifies that the decision involves a question of such importance that it should be decided by us. Because there was no concurrence of two judges here, however, and therefore no "decision," the predicate for a Rule 316 appeal was absent and a certificate of importance should not have issued. *People ex rel. Director of Finance v. Young Women's Christian Ass'n*, 74 Ill. 561, 567 (1979). There being no other basis for this court to assert jurisdiction, this appeal should be dismissed. To this extent I am in full agreement with my colleagues.

I dissent because I do not believe that the case should be sent back for further proceedings. In effect,

the majority's disposition enables Upjohn to obtain a second rehearing before a newly constituted appellate court panel. This is wholly improper. The purpose of a motion for rehearing is to provide litigants with the opportunity to direct the reviewing court's attention to matters that it may have overlooked or misapprehended. 155 Ill. 2d R. 367. Upjohn has already been afforded this opportunity. Its contentions received full consideration, and it is not entitled to have its case considered again simply because the two members of the appellate court panel who remained in office could not agree on how the case should be decided.

The situation here is no different from any other case where the required concurrence of two judges cannot be obtained. Where, as here, the necessary majority is absent and the appellate court is left evenly divided, the litigants are not entitled to reargue their cases before different judges. Rather, this court has expressly held that the appellate court should affirm the judgment of the circuit court. *People ex rel. Director of Finance v. Young Women's Christian Ass'n*, 74 Ill. 2d at 567. There is no basis for deviating from that precedent here.

For the foregoing reasons, I would dismiss the appeal and remand the cause to the appellate court with directions to affirm the circuit court's judgment.