FRANK ALEXANDER, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Wil-Fred's Construction Company, Appellee).

First District (Industrial Commission Division)   No. 1—98—1628WC

Opinion filed July 20, 1999.—Rehearing denied August 19, 1999.

Steven A. Globis and James J. Marszalek, both of Marszalek & Marszalek, of Chicago, for appellant.

Nancy Jo Doyle, of Kane, Doy & Harrington, Ltd., of Chicago, for appellee.

JUSTICE RAKOWSKI delivered the opinion of the court:

■ Regarding oral argument before the Illinois Industrial Commission (the Commission), section 19(e) of the Workers' Compensation Act provides in pertinent part: "In the event either party requests oral argument, such argument shall be had before a panel of 3 members of the Commission ***. *** A decision of the Commission shall be approved by a majority of Commissioners present at such hearing." 820 ILCS 305/19(e) (West 1996). In this case, oral argument was requested and had before a panel of three commissioners. However, at the time the Commission's decision was issued, the term of one of the commissioners had expired. The two remaining commissioners were unable to agree on a result and wrote separate decisions. A replacement commissioner, who was not present at oral argument, concurred in one of the decisions and signed the majority decision pursuant to *Zeigler v. Industrial Comm'n*, 51 Ill. 2d 137 (1972). Is the Commission's decision valid? We conclude that, under the appropriate

circumstances, it is. Where there is sufficient reliable evidence in the record to conclusively establish the departing commissioner(s)' decision in the case, the replacement commissioner(s) may sign the written decision pursuant to *Zeigler*. In the instant case, however, there is insufficient evidence in the record to establish how the departing commissioner decided the matter. We therefore remand to the circuit court for the limited purpose of taking evidence concerning the departing commissioner's vote.

## BACKGROUND

Claimant, a cement mason, filed an application for adjustment of claim for an injury to his lower back that occurred on December 2, 1991, while he was lifting 30-pound sheets of plywood for employer. After conservative treatment, which did not improve his condition, claimant underwent a laminectomy and disectomy. As a result, he was only able to function at light to medium capacity and could not return to his former occupation. The arbitrator concluded that claimant was permanently partially disabled to the extent of 50%. Claimant requested oral argument, and his petition for review was heard before Commissioners Ketter and Tansor and Acting Commissioner Hagan on October 23, 1996. Acting Commissioner Hagan's six-month term expired on December 16, 1996. The Commission issued its decision on January 21, 1997. Commissioner Ketter wrote a majority opinion, adopting and affirming the arbitrator's decision. Commissioner Tansor filed a lengthy dissent, stating he would find that claimant was permanently and totally disabled. Acting Commissioner Kane, who was appointed to fill Hagan's vacancy, issued a specially concurring opinion, stating that he had not participated in oral argument or the decision, but that a majority of the panel had reached a decision prior to Acting Commissioner Hagan's departure and he was signing the decision pursuant to *Zeigler* so the decision could issue.

Claimant sought review to the circuit court, alleging that the Commission's decision was void because it did not comply with section 19(e). Claimant alternatively argued that the Commission's decision finding that he was not totally and permanently disabled was against the manifest weight of the evidence. The circuit court disagreed with both contentions. It concluded that the Commission's decision was proper in light of *Zeigler*, which it found controlling, and then found that the Commission's decision denying permanent total disability was not against the manifest weight of the evidence.

## ANALYSIS

In *Zeigler v. Industrial Comm'n*, 51 Ill. 2d 137 (1972), claimant's petition was heard before five commissioners, a majority of the Com-

mission, on December 20, 1968. Three of the five commissioners' terms expired on February 17, 1969, and they were replaced by three new commissioners. The Commission, including the three new commissioners, issued its decision on April 11, 1969. The three new commissioners signed the written order. On review in the circuit court, claimant argued that the Commission's decision was invalid because it was not signed by the commissioners who heard oral argument. In support of the validity of the Commission's decision, employer submitted an affidavit from Lewis Gaines, one of the departing commissioners, stating that, prior to the departures, the Commission had reached a decision. That decision was then entered on the file jacket. The affidavit stated that it was customary for the commissioners to reach a decision, write it on the file jacket, and then have the court reporter type the decision so a copy could be sent to the parties. The supreme court concluded that the Commission's decision was proper, finding:

"The affidavit and file jacket show that the decision of the Industrial Commission was made by the same Commissioners who heard the oral argument and considered the evidence. The fact that the written document formalizing the decision was prepared after three of the Commissioners who rendered the decision left the office is not fatal to the decision. Neither is the fact that the written document was signed by three new Commissioners who had not heard oral argument." *Zeigler*, 51 Ill. 2d at 142.

According to the court:

"The Act requires that after the hearing on review 'the Commission shall file in its office its decision thereon, and shall immediately send to each party or his attorney a copy of such decision and a notification of the time when it was filed.' [Citation.] These requirements of the Act relate to the performance of ministerial functions which may be performed by the members of the Commission who may not have been members who made the decision. The making of the decision is an act of the Commission. The formalizing of the decision by preparing the written document, filing it in the Commission's office and sending copies thereof to the parties as required by the Act are likewise acts of the Commission independent of the act of making the decision. The Commission being a continuing administrative body [citations], there is no reason why these acts must be performed by a Commission composed of the same members." *Zeigler*, 51 Ill. 2d at 142-43.

At the time of *Zeigler*, section 19(e) provided, in pertinent part:

"After such hearing upon review, the Commission shall file in its office its decision thereon, and shall immediately send to each party or his attorney a copy of such decision and a notification of the time when it was filed." Ill. Rev. Stat. 1971, ch. 48, par. 138.19(e).

However, in 1984, section 19(e) was amended. It now provides, in pertinent part:

"In the event either party requests oral argument, such argument shall be had before a panel of 3 members of the Commission ***. *** *A decision, of the Commission shall be approved by a majority of Commissioners present at such hearing.*" (Emphasis added.) 820 ILCS 305/19(e) (West 1996).

Since the 1984 amendment, two appellate court cases have discussed the application of *Zeigler* to section 19(e) as amended. In *Jarrett v. Industrial Comm'n*, 156 Ill. App. 3d 898 (1987), the court merely cited to *Zeigler*, stating that signing by a new commissioner is proper. In *Hoegger v. Industrial Comm'n*, 158 Ill. App. 3d 1025 (1987), the court quoted the amended statute and found that allowing a new commissioner to sign is proper. Both cases apply the *Zeigler* reasoning to the new statute. The cases are not particularly helpful, however, because neither specifically addresses the impact, if any, of the amended language.

Here, as in *Zeigler*, the validity of the Commission's decision is in question. The basis for finding the Commission's decision valid in *Zeigler* was the fact there was evidence showing how the departing commissioners had voted. While the court acknowledged that the evidence was not present in the record prior to review by the circuit court, it stated:

"In order to determine the validity of the action of the Industrial Commission it was necessary to resort to evidence other than that contained in the record on review. The necessary facts were supplied by the affidavit and the file jacket. In [*State ex rel. Madison Airport Co. v. Wrabetz*, 231 Wis. 147, 285 N.W. 504 (1939),] it was held that evidence *dehors* the record could be presented to the court to show illegal or unauthorized acts or conduct on the part of the Commission. In our case the evidence is offered to prove the reverse, that is, the legality or validity of the action or conduct of the Industrial Commission. When a question is raised in the circuit court as to whether the action or conduct of the Industrial Commission is invalid or unauthorized, then evidence other than that contained in the record on review may be considered by the circuit court to determine such issues." *Zeigler*, 51 Ill. 2d at 141-42.

In the 27 years following our supreme court's decision in *Zeigler*, the standard procedure employed by the Commission in cases where one or more commissioners left the Commission prior to a written decision being published was to have the replacement commissioner sign in the place of the departing commissioner. Although the post-*Zeigler* Commission decisions, including the instant one, clearly state how the departing commissioners had voted, no basis is given as to how that

fact was known.[1] This practice has continued, unaffected by the 1984 amendment to section 19(e). For the reasons that follow, we conclude that the reasoning of *Zeigler* is applicable to the present version of section 19(e).

In *Zeigler*, the supreme court concluded that the affidavit and file jacket demonstrate the validity of the Commission's conduct. They "show that the *decision* of the Industrial Commission *was made by the same Commissioners who heard the oral argument and considered the evidence.*" (Emphasis added.) *Zeigler*, 51 Ill. 2d at 142. This is clearly what amended section 19(e) now requires. If similar evidence is adduced on remand in the instant case, the Commission's decision is valid pursuant to *Zeigler*. Further, the *Zeigler* court reasoned that formalizing the decision into a written document was a ministerial function, which need not be undertaken by the same commissioners who reached the decision in the case. *Zeigler*, 51 Ill. 2d at 142. Thus, making the decision is one function—the crucial function—and memorializing that decision into a written document is a second function—a ministerial function.

When oral argument is requested before the Commission, section 19(e) requires such argument to be heard by a three-member panel and that a decision should be approved by a majority of the commissioners present at such hearing. This is the approval section 19(e) refers to and requires. It does not state that the three commissioners who heard oral argument must *sign* the written order that memorializes the decision. "The formalizing of the decision by preparing the

---

[1] Acting Commissioner Kane's special concurrence states:

"This case was scheduled for Oral Argument before a three member panel of the Commission including members Commissioner Ketter, Acting Commissioner Hagan and Acting Commissioner Tansor at which time Oral Arguments were heard, waived or denied. Subsequent to Oral Arguments and prior to the departure of member Hagan on December 17, 19[9]6, a majority of the panel members had reached agreement as to the result set forth in this Decision and opinion, but no formal written decision was signed and issued while member Hagan still held her appointment.

Although I was not a member of the panel in question at the time Oral Arguments were heard, waived or denied, and I did not participate in the agreement reached by the majority in this case, the facts set forth above, in light of the provisions of the Supreme Court in *Zeigler v. Industrial Commission*, 51 Ill. 2d 342 *** (1972) authorize signature of a Decision by a member of the Commission who did not participate in this Decision. Accordingly, I am signing this Decision in order the [*sic*] it may issue."

written document, filing it in the Commission's office and sending copies thereof to the parties *** are *** acts of the Commission independent of the act of making the decision." *Zeigler*, 51 Ill. 2d at 142.

We also take notice that when the legislature amended section 19(e) in 1984, it was aware of the *Zeigler* decision and the interpretation given by the supreme court. Thus, it was aware that under appropriate circumstances the supreme court permitted commissioners who had not heard oral argument to sign the written order. If the legislature had intended to change the procedure permitted in *Zeigler*, it would surely have used the terms "*signed* by a majority of Commissioners present at such hearing" rather than "approved" by a majority. Indeed, use of the term "approved" clearly implies that the legislature intended that a Commission decision is valid in the absence of signatures of those who heard oral argument.

To be sure, the 1984 amendment to section 19(e) resulted in many changes. Paragraphs (a) and (b—1) were both substantially rewritten, including the deletion of provisions relating to "committee on arbitration" in paragraph (a). The amendment rewrote the paragraphs relevant to hearings to receive compensation. It provided for an expedited hearing before the arbitrator and separated provisions concerning hearings before the arbitrator from provisions concerning hearings before the Commission. Finally, the amendment changed the structure of the Commission and rewrote the section relating to interest. Nevertheless, for the foregoing reasons, we conclude that the rule and reasoning of *Zeigler* apply to the amended statute.

In the instant case, however, the record from the Commission does not contain any evidence of how Acting Commissioner Hagan voted before her term expired. This was also true in *Zeigler*. However, in *Zeigler* such evidence was introduced in the circuit court on review. In the instant case, the circuit court should have required the same, particularly in light of the language of section 19(e) as amended. Indeed, we suggest that the replacement commissioner give some basis for the statement of how the departed commissioner voted. Clearly there is some evidence or internal document to support Acting Commissioner Kane's statement as to how Acting Commissioner Hagan voted. Reference to such evidence would further public confidence in the Commission's procedure and eliminate the need for evidence *dehors* the record to be introduced in the circuit court on review.

## CONCLUSION

■ When there is reliable evidence present, as in *Zeigler*, to show the decision of a departing commissioner, a replacement commissioner may sign the written order formalizing that decision. In the instant

case, we do not have such evidence. The only evidence of Acting Commissioner Hagan's decision is Acting Commissioner Kane's hearsay statement in the specially concurring opinion. This is not sufficient reliable evidence pursuant to the dictates of *Zeigler*, which contained Commissioner Gaines' affidavit and the corroborative file jacket entries.

Because the circuit court did not require evidence of Acting Commissioner Hagan's vote, we remand to the circuit court for the limited purpose of receiving such additional evidence. We otherwise retain jurisdiction of the cause to address the merits of claimant's appeal. See 134 Ill. 2d R. 366(a)(5) (allowing this court to make any order that the case may require). See also *Inter-Insurance Exchange of the Chicago Motor Club v. Employers Mutual Casualty Co.*, 31 Ill. App. 3d 906, 909 (1975) ("A reviewing court has the power, without determining and disposing of a case to remand it to the lower court for further proceedings if the record is not in condition for the reviewing court to decide the question presented with justice to all the parties"). Should the circuit court conclude that the Commission's decision is valid, we will then address claimant's manifest weight of the evidence issue. Should the circuit court find the Commission's decision is invalid, it shall vacate said decision and remand to the Commission for a hearing *de novo*.

Reversed and remanded with directions.

McCULLOUGH, P.J., and HOLDRIDGE, J., concur.

JUSTICE RARICK, dissenting:
Section 19(e) of the Workers' Compensation Act provides in pertinent part: "In the event either party requests oral argument, such argument shall be had before a panel of 3 members of the Commission ***. *** A decision of the Commission shall be approved by a majority of Commissioners present at such hearing." 820 ILCS 305/19(e) (West 1996). In this case, oral argument was requested and had before a panel of three commissioners. At the time the Commission's decision was issued, however, the term of one of the commissioners had expired. The two remaining commissioners were unable to agree on a result and wrote separate decisions. A third commissioner, who was not present at oral argument, pursuant to *Zeigler v. Industrial Comm'n*, 51 Ill. 2d 137 (1972), signed one of the decisions. I believe the issuance of a decision under such circumstances does not comport

with the unambiguous language of section 19(e), that is, the decision was not approved by a majority of the commissioners *present at the hearing*. Secondly, I do not believe *Zeigler* is applicable in this instance as it interprets an earlier and quite different version of section 19(e). I therefore must dissent.

In *Zeigler*, claimant's cause was heard before five commissioners, a majority of the Commission. Before any decision was issued, three of the five commissioners' terms expired. After these three commissioners were replaced, the Commission issued its decision. Claimant argued that the Commission's decision was invalid because it was not signed by the commissioners who heard oral argument. In support of the validity of the Commission's decision, employer submitted an affidavit from one of the departing commissioners stating that, prior to the departure, the Commission had reached a decision. That decision was then entered on the file jacket. The affidavit stated that it was customary for the commissioners to reach a decision, write it on the file jacket, and then have the court reporter type the decision so a copy could be sent to the parties. The court rejected claimant's argument that the Commission's decision was invalid, finding that the decision was made by the same commissioners who heard oral argument and considered the evidence. 51 Ill. 2d at 142. According to the court, the formalizing of a decision by preparing the written document, filing it and sending copies thereof to the parties was independent of the act of making a decision. Such ministerial functions did not have to be undertaken by the same commissioners who reached the decision in the case. 51 Ill. 2d at 142-43.

The language of section 19(e), however, has been amended since the decision in *Zeigler*. At the time of *Zeigler*, no language required the Commission's decision to be approved by a majority of the commissioners present at the hearing. Instead, the statute provided that a hearing was to be had before not less than a majority of the Commission. After such hearing, the Commission should file its decision in its office and forward copies to the parties. The statute was silent as to who was required to approve a decision. The current version of section 19(e) unambiguously requires that a Commission decision be approved by a majority of the commissioners present at oral argument. While it is not apparent from a review of the legislative history why this amendment was made, the purpose is not necessary to our inquiry. "Changes in wording and phrasing are presumed to have been deliberately made [citation], and when the legislature amends an act ***, it is presumed that the legislature intended to change the law in that respect." *Forest City Erectors v. Industrial Comm'n*, 264 Ill. App. 3d 436, 440 (1994).

In construing statutory provisions, we are to give effect to the

intention of the legislature. *In re Application of the County Collector of Du Page County for Judgment for Delinquent Taxes for the Year 1992,* 181 Ill. 2d 237 (1998). Because the language used by the legislature is the best indication of legislative intent, we must first look to the words of the statute. 181 Ill. 2d at 244. When the words themselves are unambiguous, the plain and ordinary meaning of the words will be given effect without resorting to extrinsic aids for construction. *Board of Education of Rockford School District No. 205 v. Illinois Educational Labor Relations Board,* 165 Ill. 2d 80, 87 (1995). "[O]nly where the statutory language is unclear may a court look beyond it." *Denton v. Civil Service Comm'n,* 176 Ill. 2d 144, 149 (1997).

Again, section 19(e) provides:

"In the event either party requests oral argument, such argument shall be had before a panel of 3 members of the Commission ***. *** A decision of the Commission shall be approved by a majority of Commissioners present at such hearing ***." 820 ILCS 305/19(e) (West 1996).

The language is unambiguous. It is axiomatic that the words "at such hearing" refer to oral argument had in the matter. Further, the language "decision *** shall be approved by a majority of Commissioners present at such hearing" requires a majority of the three panel members present at oral argument to approve the final decision. 820 ILCS 305/19(e) (West 1996). The legislature could not have stated this any clearer.

I find further support for my position under the analogous Supreme Court Rule 22(c) (145 Ill. 2d R. 22(c)) governing appellate court decisions. Rule 22(c) provides:

"Three judges must participate in the decision of every case, and the concurrence of two shall be necessary to a decision." 145 Ill. 2d R. 22(c).

The Illinois Supreme Court has interpreted Rule 22(c) to require that when one of the judges on a panel departs from the court, the remaining two judges must concur in order for the decision to be valid. *Proctor v. Upjohn Co.,* 175 Ill. 2d 394, 396 (1997). Given the similarity between Rule 22(c) and section 19(c), I find the supreme court's reasoning in *Proctor* instructive.

In this instance, the Commission's decision was issued more than one month subsequent to the expiration of Acting Commissioner Hagan's term. Nowhere in the record is there any evidence of affidavits, file jacket entries, or any other indicia of Acting Commissioner Hagan's decision which would support a ruling under *Zeigler.* Acting Commissioner Kane, who signed in Hagan's stead, was not present at oral argument and, thus, could not approve the decision in accordance

with section 19(e). The two commissioners who remained could not agree on the outcome; consequently, the decision issued was invalid. Because a majority of the commissioners who were present at the hearing did not approve the decision, I believe we have no jurisdiction to entertain this appeal. I would therefore dismiss the appeal and remand the cause to the Commission to enter a valid decision.

COLWELL, J., joins in this dissent.