2020 IL App (1st) 182586-U

No. 1-18-2586

August 31, 2020

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | |
|---|---|
| BOBBY R. TURNER JR., | ) Petition for Direct |
| | ) Administrative Review of a |
| Petitioner-Appellant, | ) Decision of the Illinois Human |
| | ) Rights Commission. |
| v. | ) |
| | ) |
| THE HUMAN RIGHTS COMMISSION, | ) Charge No. 2012 CR 3013 |
| THE DEPARTMENT OF HUMAN RIGHTS, | ) ALS No. 12-0512 |
| BANK OF AMERICA GLOBAL SECURITIES | ) |
| SOLUTIONS, and BANK OF AMERICA | ) |
| CORPORATION, | ) |
| | ) |
| Respondents-Appellees. | ) |

JUSTICE WALKER delivered the judgment of the court.
Justices Hyman and Pierce concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The decision of the Illinois Human Rights Commission that sustained the dismissal by the Illinois Department of Human Rights for lack of jurisdiction is affirmed.

¶ 2     Petitioner Bobby R. Turner Jr. filed a pro se appeal from a final decision of the Illinois

Human Rights Commission (Commission) that sustained a dismissal for lack of jurisdiction by the

Illinois Department of Human Rights (Department) pursuant to a charge of discrimination. For the reasons, we affirm the dismissal for lack of jurisdiction.

¶ 3                                    I. BACKGROUND

¶ 4     The following facts are derived from the limited record on appeal, which includes petitioner's charge of discrimination, a report prepared by a Department investigator, the Department's notice of dismissal, petitioner's request for review, the Department's response to that request, and the Commission's order.

¶ 5     On September 23, 2011, petitioner filed a charge of discrimination with the United States Equal Employment Opportunity Commission (EEOC). In the charge, petitioner alleged that his employer, Bank of America Global Securities Solutions, failed to promote him in April 2011 and then discharged him on July 17, 2011, based on his race. Under section 7A-102(A-1)(1) of the Illinois Human Rights Act (Act), the charge was dual filed with the Department. 775 ILCS 5/7A-102(A-1)(1) (West Supp. 2011) ("If a charge is filed with the [EEOC] within 180 days after the date of the alleged civil rights violation, the charge shall be deemed filed with the Department on the date filed with the EEOC.").

¶ 6     On October 20, 2011, the Department mailed a letter to petitioner, notifying him that his charge had been automatically filed with the Department.[1] The letter indicated that if the EEOC dismissed the charge, petitioner had 30 days from the receipt of the EEOC's findings to send the Department a copy of the findings and request that the Department investigate the charge.

---

[1] Neither the Department's October 20, 2011 letter nor proof of service is included in the record on appeal, but the letter is described in the Department investigator's report, the Department's response to petitioner's request for review, and the Commission's order.

¶ 7    On December 19, 2011, the EEOC issued a notice dismissing petitioner's charge, mailing a copy to the same address where the Department sent its letter.[2] On April 13, 2012, petitioner mailed the Department a copy of the notice and asked it to investigate the charge.[3]

¶ 8    On June 25, 2012, a Department investigator issued a report in which he stated that the Department's October 20, 2011 letter to petitioner had not been returned as undeliverable, and petitioner's submission of the EEOC findings to the Department was untimely. On June 27, 2012, the Department dismissed petitioner's charge for lack of jurisdiction "based upon the investigation report."

¶ 9    On August 6, 2012, petitioner filed a request for review with the Commission, seeking review of the Department's dismissal of his charge. In a letter dated July 30, 2012, petitioner stated that he never received a letter from the Department informing him that he had 30 days from receipt of the EEOC's findings to send the Department a copy of the EEOC's dismissal. Without referencing any dates, he stated that upon reviewing the EEOC's findings, he decided to file a claim with the Department "since [he] could not reasonably conclude that the EEOC had conducted an investigation into this claim given the documents that [he] received from the EEOC." Petitioner further asserted that the Department "has jurisdiction of this claim."

_____

[2] Neither the EEOC's December 19, 2011 dismissal notice nor proof of service is included in the record on appeal, but the notice is described in the Department's response to petitioner's request for review and the Commission's order.

[3] Neither petitioner's April 13, 2012 mailing nor proof of service is included in the record on appeal, but the mailing is described in the Department investigator's report, the Department's response to petitioner's request for review, and the Commission's order. In addition, petitioner states in his brief on appeal that he requested a copy of his "file" from the EEOC on January 11, 2012, which he received on January 27, 2012, and that he submitted a copy of the EEOC determination to the Department on April 13, 2012.

¶ 10    The Department filed a response, maintaining that because petitioner's request for investigation was mailed 116 days after the EEOC issued its dismissal notice, the request was untimely and the Department lacked jurisdiction.

¶ 11    On November 9, 2018, the Commission sustained the Department's dismissal of petitioner's charge for lack of jurisdiction. In its decision, the Commission noted that under section 7A-102(A-1)(1) of the Act, if a charge is first filed with the EEOC, the Department must notify the petitioner that if he would like his charge investigated by the Department, he is required to submit a copy of the EEOC's final determination to the Department within 30 days after service thereof. 775 ILCS 5/7A-102(A-1)(1) (West Supp. 2011). The Commission found that the Department mailed petitioner a letter explaining this process on October 20, 2011, and the letter was not returned as undeliverable. Further, on December 19, 2011, the EEOC mailed its Dismissal and Notice of Rights to petitioner at the same address where the Department had sent its earlier letter, and petitioner did not mail a copy of the EEOC findings to the Department until April 13, 2012. The Commission concluded that because this date was beyond the statutory 30-day time limit, neither the Department nor the Commission had jurisdiction to take any action on petitioner's case.

¶ 12    Petitioner filed a timely petition for direct review in this court on December 12, 2018.

¶ 13                                    II. ANALYSIS

¶ 14    On appeal, petitioner contends that the Commission's decision sustaining the Department's dismissal for lack of jurisdiction must be reversed because the Department did not notify him that he was required to submit a copy of the EEOC's determination to it within 30 days, and if the Department did mail the notice, such notice would have been "erroneous and late" pursuant to a

work-sharing agreement between the EEOC and the Department. Petitioner also argues the term of one of the Commissioners who voted on his case expired before the written order was issued, and the Commission failed to notify him of a panel meeting or submit an "official record" to this court.

¶ 15 The Act provides that it is a civil rights violation for any employer "to act with respect to," *inter alia*, promotion or discharge on the basis of unlawful discrimination. 775 ILCS 5/2-102(A) (West 2010). "Unlawful discrimination" includes "discrimination against a person because of his or her race." 775 ILCS 5/1-103(Q) (West 2010).

¶ 16 The Act provides that an aggrieved person may file a charge of discrimination with the Department or the EEOC within 180 days after the date of the alleged civil rights violation. 775 ILCS 5/7A-102(A)(1), (A-1)(1) (West Supp. 2011). Where, as here, the charge is filed with the EEOC, it is deemed filed with the Department on the same date. 775 ILCS 5/7A-102(A-1)(1) (West Supp. 2011). This practice has been described as dual filing. See *Garcia v. Village of Mount Prospect*, 360 F.3d 630, 643 n.13 (7th Cir. 2004).

¶ 17 When the EEOC investigates a charge prior to the Department's investigation, "the Department shall take no action until the EEOC makes a determination on the charge and after the complainant notifies the Department of the EEOC's determination." 775 ILCS 5/7A-102(A-1)(1) (West Supp. 2011). The Department, after receiving notice from the EEOC that a charge was filed, must notify the parties that (1) a charge has been received by the EEOC and has been sent to the Department for dual filing purposes; (2) the EEOC is the governmental agency responsible for investigating the charge and the investigation shall be conducted pursuant to the rules and procedures adopted by the EEOC; (3) the Department will take no action on the charge until the

EEOC issues its determination; (4) the complainant must submit a copy of the EEOC's determination to the Department within 30 days after service of the determination by the EEOC on complainant; and (5) the 365-day time period for the Department to investigate the charge is tolled from the date on which the charge is filed until the EEOC issues its determination. 775 ILCS 5/7A-102(A-1)(1) (West Supp. 2011).[4]

¶ 18    An administrative body has no power to act beyond the authority granted to it by the legislature. *Alvarado v. Industrial Comm'n*, 216 Ill. 2d 547, 553 (2005). "[C]ompliance with [a] statutory time limit is a condition precedent to the right to seek a remedy" before an administrative body and is a prerequisite to the administrative body's acquisition of subject matter jurisdiction. *Weatherly v. Illinois Human Rights Comm'n*, 338 Ill. App. 3d 433, 437 (2003). Although the term "jurisdiction" is not strictly applicable in an administrative setting, the Illinois Supreme Court has held that the term may be employed to designate the authority of an administrative body to act. *Alvarado*, 216 Ill. 2d at 554.

¶ 19    If the Department dismisses a charge the petitioner may request review of that dismissal by the Commission. 775 ILCS 5/8-103(A)(1) (West 2010). In conducting its review, the Commission may consider the Department's report, any argument and supplemental evidence timely submitted, and the results of any additional investigation conducted by the Department in response to the request. 775 ILCS 5/8-103(B) (West 2010). A final decision by the Commission is subject to direct administrative review by this court. 775 ILCS 5/8-111(B)(1) (West 2010).

---

[4] The procedures described in section 7A-102 of the Act are expounded in the Administrative Code. The relevant section of the Administrative Code, however, states that its provisions "will apply to all charges filed after August 26, 2011," but also that it is effective April 21, 2014. See 56 Ill. Adm. Code 2520.490 (2014). In this appeal, we rely on the Act rather than the Administrative Code.

¶ 20    Generally, a decision of the Commission that it lacks jurisdiction on grounds of untimeliness is subject to *de novo* review. See, *e.g.*, *Board of Education of the City of Chicago v. Cady*, 369 Ill. App. 3d 486, 493 (2006) (applying *de novo* review to timeliness issue where no question of fact existed). In *Jones v. Lockard*, 2011 IL App (3d) 100535, however, this court applied the clearly erroneous standard because the timeliness of the filing of a charge presented a mixed question of fact and law, as the employee alleged that a series of acts cumulatively contributed to the basis for her wrongful discharge claim. See *Jones*, 2011 IL App (3d) 100535, ¶¶ 16-17. The present appeal presents a mixed question of fact and law in that the Commission was required to make factual findings—namely, regarding the date on which the Department sent its letter to petitioner explaining how to request investigation of his charge, the date the EEOC sent petitioner its dismissal notice, and the date petitioner submitted the EEOC's determination to the Department—and then analyze those dates under the statutory time limit.

¶ 21    Mixed questions of fact and law are reviewed for clear error, meaning that reversal is warranted only when the reviewing court has a definite and firm conviction that a mistake has been made. *Cook County Republican Party v. Illinois State Board of Elections*, 232 Ill. 2d 231, 245 (2009). In contrast, we review an agency's findings of fact under the manifest weight of the evidence standard. *Jones*, 2011 IL App (3d) 100535, ¶ 17. An agency's finding of fact is against the manifest weight of the evidence only if the opposite conclusion is clearly evident. *Windsor Clothing Store v. Castro*, 2015 IL App (1st) 142999, ¶ 26. If there is any evidence in the record that supports an administrative agency's decision, it is not contrary to the manifest weight of the evidence and must be sustained on judicial review. *All Purpose Nursing Service v. Illinois Human Rights Comm'n*, 205 Ill. App. 3d 816, 826 (1990).

¶ 22    Here, the Commission found that the Department mailed petitioner a letter on October 20, 2011, which was not returned as undeliverable. The Department notified petitioner that if he wanted the Department to investigate his charge, he was required to submit a copy of the EEOC's final determination to the Department within 30 days after service thereof. The Commission further found that the EEOC mailed its dismissal to petitioner on December 19, 2011, but that petitioner did not mail a copy of the EEOC findings to the Department until April 13, 2012. The Commission concluded that because this date was well beyond the statutory 30-day time limit, neither the Department nor the Commission had jurisdiction over petitioner's case.

¶ 23    Nothing in the record refutes the Commission's findings. The record on appeal does not contain copies of the Department's letter to petitioner, the EEOC's dismissal, or petitioner's mailing to the Department. Without these documents, it is impossible for this court to determine whether the Commission's findings as to the mailing dates were against the manifest weight of the evidence or whether it was clearly erroneous for the Commission to conclude that petitioner failed to act in a timely manner, resulting in the Department and Commission lacking jurisdiction over his case.

¶ 24    An appellant, even when *pro se*, has the burden to present a sufficiently complete record to support a claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984); *Wing v. Chicago Transit Authority*, 2016 IL App (1st) 153517, ¶ 7. A reviewing court will resolve any doubts that may arise due to the incompleteness of the record against the appellant. *Foutch*, 99 Ill. 2d at 391-92; *MIFAB, Inc. v. Illinois Human Rights Comm'n*, 2020 IL App (1st) 181098, ¶ 34. In the absence of a sufficiently complete record to support a claim of error, it will be presumed that the decision entered below was in conformity with the law and had a sufficient factual basis. *Foutch*, 99 Ill. 2d

at 392. Here, petitioner cannot overcome the presumption that the Commission's order complied with the law and that a sufficient factual basis supported the decision that his submission of the EEOC's determination to the Department was untimely, thus depriving the Department and Commission of jurisdiction over his case. See *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 157 (2005).

¶ 25    Notwithstanding, petitioner states that he "takes exception" to the Commission's finding that the Department sent him a letter on October 20, 2011, informing him that if he wished the Department to investigate his charge after the completion of the EEOC investigation, he had 30 days to mail or personally deliver a copy of the EEOC's determination to the Department. Petitioner asserts the letter was never mailed, and if mailed, never delivered to him. He also argues that the Department has the burden of proving he received the letter.

¶ 26    The record does not support petitioner's factual assertions. To the extent that petitioner contends the Department had the burden of proving he received the letter, the Commission made a factual finding based on the record before it that the letter was sent to petitioner and not returned as undeliverable. On review, it is petitioner's burden to provide this court with a record sufficient to review the Commission's findings. *Foutch*, 99 Ill. 2d at 392. Based on the record before us, we presume that the Commission's finding that a letter was sent and not returned as undeliverable had a sufficient factual basis. *Id*.

¶ 27    Moreover, "due process does not require the government to explain the available remedies or procedures to internally challenge an administrative action, as long as those remedies are provided in publicly available sources such as statutes [and] rules." *Mercury Sightseeing Boats, Inc. v. County of Cook*, 2019 IL App (1st) 180439, ¶ 89 (citing *City of West Covina v. Perkins*, 525

U.S. 234, 240-41 (1999)). Here, a statute provided petitioner was required to submit to the Department a copy of the EEOC's determination within 30 days after receiving service. See 775 ILCS 5/7A-102(A-1)(1) (West Supp. 2011). Petitioner's brief states that he was provided a copy of his EEOC "file" on January 27, 2012. Even if, *arguendo*, this is the date petitioner first received notice of the EEOC's decision, he still would have been required by statute to submit a copy of the EEOC's determination to the Department within 30 days. See 775 ILCS 5/7A-102(A-1)(1) (West Supp. 2011). However, as petitioner acknowledges in his brief, he did not submit the EEOC determination to the Department until April 13, 2012. Thus, even under the timeline presented in petitioner's brief, his notice was untimely.

¶ 28    Second, petitioner asserts that the Department's letter, if sent, would have been "erroneous and late" pursuant to a work-sharing agreement between the EEOC and the Department and, therefore, his deadline for notifying the Department of the EEOC's dismissal "was subject to waiver, estoppel, and equitable tolling." He argues that pursuant to the work-sharing agreement, when he filed his charge of discrimination with the EEOC, he "effectively filed [the] charge with the Department and jurisdiction was established," and the Department should have investigated first. Petitioner further asserts he is entitled to equitable tolling of the "statute of limitations" because he had been pursuing his rights diligently and extraordinary circumstances prevented timely filing.

¶ 29    The work-sharing agreement to which petitioner refers is not included in the record on appeal. Although petitioner has included it in a separate appendix to his brief, parties cannot use briefs and appendices to supplement the record. *Jones v. Police Board*, 297 Ill. App. 3d 922, 930 (1998). We will not consider it.

¶ 30    As additional authority for his argument that, pursuant to the worksharing agreement, the Department should have investigated his charge first, petitioner cites section 706 of Title VII of the Civil Rights Act of 1964, which provides in relevant part as follows:

> "In the case of an alleged unlawful employment practice occurring in a State, or political subdivision of a State, which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no charge may be filed [with the EEOC] by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law ***." 42 U.S.C. § 2000e-5 (2012).

By its own terms, this section concerns the filing of charges, not investigations. Consequently, we do not find it persuasive. In this case, the Department's actions followed the statutory protocol for when the EEOC investigates first. See 775 ILCS 5/7A-102(A-1) (1) (West Supp. 2011).

¶ 31    Regarding tolling, "Illinois courts have consistently held that time limitations upon bringing actions before administrative agencies are matters of jurisdiction which cannot be tolled." *Mercury Sightseeing Boats*, 2019 IL App (1st) 180439, ¶ 56 (internal quotations omitted).

¶ 32    Third, petitioner argues that the Commission abused its discretion and violated his due process rights because one of the three panel members who signed the final order of November 9, 2018, Commissioner Diane M. Viverito, actually cast her vote at a panel meeting on July 20, 2016, and her term expired on January 16, 2017. Petitioner asserts that because Viverito was not a member of the Commission at the time the final order was entered, the order is void. He argues

that the Commission abused its discretion and violated his due process rights by not issuing its final order prior to the expiration of Viverito's term.

¶ 33    The Act provides that the Commission, "through a panel of three members, shall have jurisdiction to hear and determine requests for review of *** decisions of the Department to dismiss a charge." 775 ILCS 5/8-103(A)(1) (West 2016). In *Zeigler v. Industrial Comm'n*, 51 Ill. 2d 137, 142 (1972), a case involving a different administrative commission, our supreme court explained that a commission's decision-making process involves several independent acts—making the decision, formalizing the decision by preparing the written document, filing it in the commission's office, and sending copies thereof to the parties—which may be performed by members of the commission who may not have been the same members who made the decision. According to the *Zeigler* court, because a commission is a continuing administrative body, "there is no reason why these acts must be performed by a Commission composed of the same members." *Id.*

¶ 34    Following *Zeigler*, this court has held that while a commission's determination must be approved by a majority of the commissioners who heard a given case, the writing, filing, and distributing of a commission's order are "ministerial acts" that do not impact the jurisdictional validity of the commission's ruling. *Dig Right In Landscaping v. Illinois Workers' Compensation Comm'n*, 2014 IL App (1st) 130410WC, ¶ 25; *Morton's of Chicago v. Industrial Comm'n*, 366 Ill. App. 3d 1056, 1062-63 (2006). This court has found no impact to the validity of a commission's decision where the case was heard before a panel of three commissioners, one commissioner's term expired before the decision issued, and the final order was signed only by the two remaining panel members. *Dig Right In Landscaping*, 2014 IL App (1st) 130410WC, ¶ 25. In *Dig Right In*

*Landscaping*, this court explained that because the majority of the commissioners who heard the case agreed upon a disposition and signed it, it was not necessary to have a replacement commissioner sign the order. *Id.*

¶ 35    Here, three commissioners voted on petitioner's case and signed the final order. Pursuant to *Dig Right In Landscaping*, only two of those panel members need to have agreed on their decision and signed the written order. *Id.* Commissioner Viverito's signature on the written order was unnecessary. Given that her term may have expired between the time she voted on petitioner's case and signed the written order would not render the Commission's decision void.

¶ 36    Fourth, petitioner argues that the Commission abused its discretion and violated his due process rights by failing to notify him of the proceedings that took place on November 9, 2018, in violation of Department regulations. The regulation petitioner cites in support of his argument, titled "Notice by Commission," provides as follows:

> "The Commission shall notify the Department and other parties to the charge of the filing of a timely request for review. Notice to the Department shall be accompanied by a copy of the request. Only the Department and the party requesting review shall participate in any proceedings under this Subpart." 56 Ill. Adm. Code 5300.420 (1981).

Our research has revealed no cases interpreting this regulation. The Commission and Department, in their brief on appeal, submit that the Open Meetings Act only requires "public notice" of meetings, as opposed to individual notice, and that allegations of noncompliance with the Open Meetings Act are to be addressed in separate civil actions. 5 ILCS 120/2.02, 3(a) (West 2018). Further, actions by an administrative agency that are taken in violation of the Open Meetings Act

are voidable, not automatically void, and a violation will not ordinarily prevent an agency's decision from being considered a final administrative decision subject to judicial review. *American Federation of State, County, & Municipal Employees, Council 31 v. Illinois Labor Relations Board*, 2017 IL App (5th) 160229, ¶¶ 28-32. We find that if a violation of the Open Meetings Act occurred in this case, this appeal is not the proper forum for addressing the issue.

¶ 37    Last, petitioner argues that the Commission abused its discretion and violated his due process rights by not submitting an "official record" to this court, in violation of Supreme Court Rule 321 ("Contents of the Record on Appeal") (eff. Feb. 1, 1994). Specifically, petitioner asserts that the record does not contain (1) notice of a public hearing held on July 20, 2016; (2) "the Commission's written order and decision pursuant"; or (3) "pleadings" from that public hearing.

¶ 38    The supreme court rules provide that an agency "shall file the record" in the Appellate Court "within 35 days after the filing of the petition for [direct] review," but also that "[o]mitted portions shall be transmitted to the Appellate Court at any time on the request of the agency, [or] the petitioner" (Ill. S. Ct. R. 335(d), (e) (eff. July 1, 2017)). It was petitioner, as the appellant, who had the burden of providing a sufficiently complete record on appeal. *Foutch*, 99 Ill. 2d at 391-92. Any deficiency in the record is not the responsibility of the Commission. Hence, petitioner's argument fails. As a final matter, we note that petitioner included the minutes of the Commission's meeting of July 20, 2016, in a separate appendix. Prior to filing his brief, petitioner moved this court to supplement the record with the minutes, but this court denied the motion because the proposed supplemental materials were not part of the administrative record. Where the motion to supplement was denied and the parties have not stipulated to supplementing the record with the material in the appendix, we will not do so now. *Pikovsky v. 8440-8460 North Skokie Boulevard*

*Condominium Ass'n, Inc.*, 2011 IL App (1st) 103742, ¶ 16; see also *Jones*, 297 Ill. App. 3d at 930

(parties cannot use briefs and appendices to supplement the record).

¶ 39                                        III. CONCLUSION

¶ 40    For the reasons explained above, we affirm.

¶ 41    Affirmed.