THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL KLINE, Defendant-Appellant.

Third District   No. 79-254

Opinion filed January 11, 1980.

Halprin, Halprin & Cantor, of Chicago (Rick Halprin, of counsel), for appellant.

John Clerkin, State's Attorney, of Macomb (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

On May 30, 1974, at approximately 1:20 a.m., Macomb city police went to a residence located at 629 North Randolph Street, Macomb, Illinois, because there had been complaints about a loud party. The police officers entered the premises and found several people and evidence of a party. They took the three students who rented the house, Collier, Thorpe, and defendant, into custody. The officers found a package containing approximately 310 grams of marijuana in the living room under a piece of furniture. The three were charged with unlawful possession of more than 30 grams but less than 500 grams of marijuana.

On May 15, 1975, defendant pleaded guilty to the offense charged and was fined $1,500 and placed upon conditional discharge for a period of two years.

On October 20, 1978, defendant filed a motion to vacate void judgment. Hearing on the motion was held. On February 6, 1979, the motion was denied. The trial judge said he had no jurisdiction to vacate the judgment. On February 26, 1979, notice of appeal was filed. On September 28, 1979, a motion by the State to dismiss the appeal was filed.

On appeal defendant raises two issues: (1) whether the trial court

erred when it ruled that it had no jurisdiction to set aside the original judgment; and (2) whether the trial court erred when it held that the record disclosed a sufficient factual basis for the plea.

■■ The State bases its motion to dismiss on Supreme Court Rule 604(d) (Ill. Rev. Stat. 1977, ch. 110A, par. 604(d)), which requires that within 30 days after his guilty plea, a defendant who wishes to appeal his conviction must file a motion to withdraw that guilty plea. Defendant failed to do so.

Section 604(d) became effective on July 1, 1975. Defendant plead guilty on May 15, 1975. It is obvious that he could not have complied with Rule 604(d). Therefore we find the State's motion to dismiss is not well taken and it is hereby denied.

■■ Defendant argues that at the time he plead guilty the trial court failed to determine that there was a factual basis sufficient to establish guilt of the crime charged as required by Supreme Court Rule 402(c) (Ill. Rev. Stat. 1977, ch. 110A, par. 402(c)). As a result, defendant continues, the subsequent judgment is void and may be vacated. We must emphasize that the time limit for direct appeal by defendant has passed. Therefore, unless he can persuade us that the judgment of conviction is void, his instant appeal is without merit.

■■ A judgment which is subject to collateral attack is one which is entered by a court without jurisdiction over the parties or the subject matter or where jurisdiction was conferred by fraud or duress. (*Ward v. Sampson* (1946), 395 Ill. 353.) If the trial court has jurisdiction to enter the judgment, an appeal must be filed during the time limit set by statute. The judgment is not later subject to collateral attack even though the judgment is erroneous. *Ward v. Sampson.*

We need not comment on whether the trial court complied with Rule 402(c). The trial court had jurisdiction over the parties and the subject matter. There has been no showing that jurisdiction was fraudulently conferred. Therefore, the judgment of conviction is not subject to collateral attack.

For the reasons stated above, the judgment of the circuit court of McDonough County is hereby affirmed.

Affirmed.

ALLOY and BARRY, JJ., concur.