POTENZ CORPORATION, Plaintiff-Appellee, v. JAMES PETROZZINI, Defendant-Appellant.

Second District   No. 2—87—1000

Opinion filed June 6, 1988.—Rehearing denied July 19, 1988.

Michael K. Sweig and Roger B. Harris, both of Altheimer & Gray, of Chicago, for appellant.

Alan E. Richards and Mary Hylton, both of Richards, Ralph & Eiden, Chartered, of Vernon Hills, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

Defendant, James Petrozzini, appeals from the order of the circuit court of Lake County denying his motion to vacate a judgment for plaintiff, Potenz Corporation. Defendant filed a motion to vacate a judgment pursuant to section 2—1401(f) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401(f)), contending that the default judgment of 9,954,092 Japanese yen was void. On appeal, defendant argues that the trial court lacked inherent power to enter a money judgment in a foreign currency and that a void judgment

can be attacked at any time in any manner. Defendant urges us to reverse the trial court and vacate the judgment or, in the alternative, remand the cause directing the trial court to allow defendant to answer and assert defenses on the merits.

Plaintiff brought a suit against defendant alleging that on April 7, 1984, the parties entered into an oral agreement whereby plaintiff would supply defendant with porcelain figurines and bas-relief plates for the sum of 19,186,200 Japanese yen. Defendant would pay one-half of the purchase price on November 1, 1982, and the balance on December 1, 1982. The complaint alleged that defendant's remaining balance was 8,966,544 yen on December 1, 1982, and requested interest computed at 5% per year after December 1, 1982. The record is unclear whether defendant's first installment was in dollars or yen.

The trial court entered a default judgment for plaintiff in the amount of 9,954,092 Japanese yen based on plaintiff's complaint and affidavit when defendant was served but failed to appear. When defendant would not comply with plaintiff's citation to discover assets, the court held him in contempt.

While the contempt proceedings were pending, defendant filed an appearance and, on August 13, 1987, moved to vacate the default judgment pursuant to section 2—1401(f) of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401(f)) arguing that the judgment was void since the court calculated damages in yen. The trial court denied the motion, stating that the defendant lacked due diligence in contesting the judgment and the court had proper jurisdiction over the parties and the subject matter. From this order defendant appeals.

Defendant's primary contention on appeal is that the trial court lacked authority to issue a judgment requiring defendant to compensate plaintiff in yen. Defendant argues that he properly brought his motion to vacate the judgment under section 2—1401(f) of the Code, which allows attacks on void judgments at any time. Whether a judgment providing for payment in a foreign currency is void and, therefore, challengable at any time is a question of the first impression in Illinois.

■ A judgment, order, or decree entered by a court which lacks jurisdiction over the parties or subject matter or lacks inherent power to enter the particular order involved is void. (*Bundy v. Church League of America* (1984), 125 Ill. App. 3d 800, 804.) A void judgment can be attacked at any time in either a direct or collateral proceeding. (*Hatcher v. Anders* (1983), 117 Ill. App. 3d 236, 237.)

When a judgment is collaterally attacked, all presumptions are in favor of its validity. (*Scheller v. Trustees of Schools* (1978), 67 Ill. App. 3d 857, 866.) We conclude that while the trial court's judgment may have been erroneous, the judgment was not void.

Despite defendant's assertions that the decision in *Baumlin & Ernst, Ltd. v. Gemini, Ltd.* (4th Cir. 1980), 637 F.2d 238, is inapplicable, we determine that *Baumlin* is instructive. However, we recognize that the factual circumstances in *Baumlin* differ somewhat from those in the case at bar. In *Baumlin*, plaintiff, a Swiss corporation, sold yarn to defendant, a corporation based in North Carolina. When defendant's account was in arrears, plaintiff sued submitting an order form which listed prices in Swiss francs. The parties entered into a stipulation that the outstanding debt with interest amounted to $220,509.20. Thereafter, the parties consented to a judgment which required, on plaintiff's insistence, that defendants pay in francs according to a payment schedule. When the exchange rate became unfavorable to the defendant, defendant's guarantor filed a motion to vacate the judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) arguing that the judgment was void since it called for satisfaction in Swiss francs. The reviewing court affirmed the denial of defendant's motion indicating that the judgment ordering payment in Swiss francs was not void but merely erroneous.

Defendant asserts that the judgment is void unless it orders payment in United States currency and that the trial court improperly expanded the definition of money or legal tender. We disagree and note that similar arguments were rejected in *Baumlin*. (637 F.2d at 242.) In the case at bar, defendant defaulted, and the complaint and proveup affidavit specify that plaintiff and defendant entered into an oral contract for the sum of 19,186,200 Japanese yen. The complaint sought 9,954,092 yen, which the court's judgment awarded. An invoice, however, while specifying the cost per item in yen, converted the cost in United States dollars. The court could reasonably have found that the parties contracted to pay in yen, much like the *Baumlin* court viewed the consent decree as an agreement to satisfy the debt with foreign currency.

Defendant argues that a money judgment by an American court must be in United States currency (see *Shaw, Savill, Albion & Co. v. The Fredericksburg* (2d Cir. 1951), 189 F.2d 952; *Frontera Transportation Co. v. Abaunza* (5th Cir. 1921), 271 F. 199; but see *Competex, S.A. v. Labow* (2d Cir. 1986), 783 F.2d 333) unless the action is for specific performance. Similarly, in *Baumlin*, the principal contention of defendants centered on the argument that the statutory re-

quirements governing the currency of the United States and the legal limits on monetary methods rendered the judgment void. The court in *Baumlin* distinguished between erroneous and void judgments.

▆▆ ▮ " 'A void judgment is to be distinguished from an erroneous one, in that the latter is subject only to direct attack. A void judgment is one which, from its inception, was a complete nullity and without legal effect. In the interest of finality, the concept of void judgments is narrowly construed \*\*\*. Only in the rare instance of a clear usurpation of power will a judgment be rendered void. [Citation.]

A judgment is not void merely because it is or may be erroneous \*\*\*. For a judgment to be void under Rule 60(b)(4), it must be determined that the rendering court was powerless to enter it. If found at all, voidness usually arises for lack of subject matter jurisdiction or jurisdiction over the parties. It may also arise if the court's action involves a plain usurpation of power or if the court has acted in a manner inconsistent with due process of law. [Citation.]' " (*Baumlin*, 637 F.2d at 241.)

We conclude that, while erroneous, the judgment was not void.

The trial court properly found that jurisdiction was not lacking. The court usurped no power, nor did it act inconsistently with due process. The contract called for payment in yen. The judgment could have been attacked on appeal for the error. Error, however, does not render the judgment void, so section 2—1401(f) is inapplicable. *Baumlin*, 637 F.2d at 242.

Accordingly, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

DUNN and NASH, JJ., concur.