THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GREGG GREEN, Defendant-Appellant.

Second District No. 2—88—0517

Opinion filed October 2, 1989.

G. Joseph Weller and Steven E. Wiltgen, both of State Appellate Defender's Office, of Elgin, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

Defendant, Gregg Green, appeals from the judgment and sentence dated August 30, 1985, in which the circuit court of Du Page County found him guilty of attempt (murder) (Ill. Rev. Stat. 1985, ch. 38, pars. 8—4(a), 9—1(a)(1)) and sentenced him to 10 years' imprisonment with no credit for time served. Defendant argues on appeal that the sentence violated section 5—8—7(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—7(b)) because it denied him credit for time spent in custody prior to conviction. The immediate issue in this case, however, is whether this court has jurisdiction to consider this appeal given that defendant did not timely file his notice of appeal but alleges that the underlying mittimus is in part void.

The facts are not in dispute. On May 27, 1984, defendant, Gregg Green, lived with his wife, Rhonda Green, and his wife's unemployed

fiance, William Arold, at defendant's home in Downer's Grove, Illinois. Also living with defendant at the time were Aaron Arold and Tessa Arold, minor children of William Arold. Defendant was in the process of dissolving his marriage, but was still supporting his wife and the Arolds. About 8:30 p.m. on the day in question, Rhonda Green and William Arold returned home from a local hospital with their newborn infant, Violet. They were accompanied by Tessa and Aaron. Defendant met the five at the door, and shortly after they entered defendant's house, an argument ensued between defendant and William Arold over Arold's treatment of defendant's dogs. Defendant thereupon shot Arold twice with a .45 caliber automatic handgun and fled the scene in a car.

After defendant was apprehended, he was indicted for attempted murder. The record does not reflect how much time defendant spent in custody before he posted a bond. The case was tried on May 28-29, 1985, after which the court, sitting without a jury, found defendant guilty of attempted murder. The court continued the cause to June 20, 1985, for sentencing.

After defendant withdrew all of his savings from the bank, the State was notified and subsequently moved to revoke his bond, and an arrest warrant was issued. Defendant failed to appear for the June 20, 1985, sentencing hearing, and the cause was again continued to July 25, 1985. Defendant also failed to appear at the July 25, 1985, hearing. On August 30, 1985, defendant was sentenced *in absentia* to a term of 10 years' imprisonment. Since defendant was not present, the court was not able to admonish defendant of his right to appeal. The trial court did not orally deny defendant credit for time served, but the denial did appear on the mittimus. Defendant was subsequently apprehended and appeared in court in 1988. The State returned an indictment against defendant for violating his bail bond. On May 31, 1988, the clerk of the circuit court filed a notice of appeal of the August 30, 1985, order.

In its brief, the State did not respond to defendant's argument on appeal but argued instead that the appeal must be dismissed because defendant did not file a notice of appeal within 30 days after the final judgment as required by Supreme Court Rule 606(b) (107 Ill. 2d R. 606(b)). (See *People v. Blanchette* (1989), 182 Ill. App. 3d 396, 398.) Defendant argues that the appeal is proper because the underlying order is void and, as such, may be set aside at any time. Thus, defendant argues that this cause should be remanded with instructions for the trial court to correct the mittimus.

Defendant's argument is based on the rule that a void judgment

may be attacked "at any time," either directly or collaterally. (*People v. Wade* (1987), 116 Ill. 2d 1, 5.) Defendant argues that where a court has jurisdiction to impose a sentence and renders one in excess of what a statute permits, the authorized portion of the sentence is not void, but the excess portion is void. (*In re T.E.* (1981), 85 Ill. 2d 326, 333-34; *People v. Perruquet* (1989), 181 Ill. App. 3d 660, 663; *In re C.T.* (1985), 137 Ill. App. 3d 42, 46.) Because credit for time served is mandatory (*Moore v. Strayhorn* (1986), 114 Ill. 2d 538, 541; *People v. Scheib* (1979), 76 Ill. 2d 244, 255), defendant argues that the portion of the mittimus denying him credit was void and thus subject to attack at any time.

■■ ■ Although defendant's argument that the order is void has some merit (see *Wade*, 116 Ill. 2d at 5; *People ex rel. Village of Winnetka v. Dorner* (1989), 181 Ill. App. 3d 25, 27; *In re C.T.*, 137 Ill. App. 3d at 46; but see *Newkirk v. Bigard* (1985), 109 Ill. 2d 28, 39), we do not decide the issue because he has not persuaded us that the appellate court has jurisdiction over this cause. Defendant has failed to cite any direct authority that the appellate court has jurisdiction over a void order after the 30-day period for filing the notice of appeal has run. Instead, defendant cites *People v. Kline* (1980), 80 Ill. App. 3d 66, for the proposition that this court obtains jurisdiction because the judgment appealed from is void. In *Kline*, the defendant filed a timely appeal from an order denying his motion to vacate a void judgment, but since the motion was filed after the 30-day period for filing a notice of appeal, the trial court lost all jurisdiction to review the original judgment unless that judgment was void. (*Kline*, 80 Ill. App. 3d at 67-68.) The defendant had not shown the order to be void, and therefore, the appellate court affirmed the trial court's order that the trial court did not have jurisdiction to vacate the judgment. 80 Ill. App. 3d at 68.

In the case at bar, contrary to *Kline*, defendant did not file a motion before the trial court to correct the mittimus, but instead has attempted to appeal the judgment directly in this court. In addition, defendant filed his notice of appeal nearly two years and nine months after the court sentenced defendant on the attempted murder conviction. Defendant might have initiated proceedings in the trial court to challenge the mittimus after 30 days from imposition of sentence, such as filing a petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1987, ch. 38, par. 122—1; *People v. Teague* (1980), 83 Ill. App. 3d 990, 994), or a motion to expunge a void order (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401; see also *R.W. Sawant & Co. v. Allied Programs Corp.* (1986), 111 Ill. 2d 304, 309-10; *Potenz Corp. v. Pe-*

*trozzini* (1988), 170 Ill. App. 3d 617, 618), or any other existing method to procure relief (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401(f)).

Although some cases have held that an appellate court can review a void order "at any time" (see *Cain v. Sukkar* (1988), 167 Ill. App. 3d 941, 944), in our view the notice of appeal still must be filed within 30 days after the entry of the final judgment or within the time as extended by the appellate court. (See 107 Ill. 2d Rules 606 (b), (c).) A timely notice of appeal is still necessary for the appellate court to obtain jurisdiction. *Blanchette*, 182 Ill. App. 3d at 398.

We have found no authority which would allow an appellate court to obtain jurisdiction over a void judgment other than as permitted by Rules 303 or 606 (107 Ill. 2d Rules 303, 606), nor did Presiding Justice Green in *Cain v. Sukkar* (1988), 167 Ill. App. 3d 941, 947, 950-51 (Green, P.J., specially concurring). We agree with Justice Green that appellate jurisdiction should not be extended merely because an order is void. Such a rule would destroy the finality of judgments and cause undue delay in proceedings in the trial court.

Finally, we note that at least in one instance the appellate court has ruled that it could not review the issue of whether the defendant was denied the correct amount of credit for time served where the defendant failed to raise the issue in a post-conviction petition before the trial court (*People v. Bates* (1989), 179 Ill. App. 3d 705, 708), although that court did not address the issue of whether such an order was void. However, since defendant in the cause before the court has not filed a timely notice of appeal, we have no jurisdiction to determine the issue of the appropriate amount of credit for the time defendant served while in custody prior to his conviction. Nothing in our opinion precludes defendant from challenging the validity of the mittimus in the trial court.

For the above reasons, the appeal from the judgment of the circuit court of Du Page County is dismissed.

Appeal dismissed.

UNVERZAGT, P.J., and REINHARD, J., concur.