No.  2--01--0158     

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

GLORIA GASSMAN
, ) Appeal from the Circuit Court

) of Kane County.

Plaintiff-Appellant,  )

) ) 

v. ) No. 98--L--63

)

RGB RIVERBOAT, d/b/a Grand ) 

Victoria Casino, Elgin; and  ) 

ELGIN RIVERBOAT RESORT, d/b/a  ) 

Grand Victoria Casino, Elgin,  )  Honorable

  )  Timothy Q. Sheldon,

Defendants-Appellees.  ) Judge, Presiding.

JUSTICE GEIGER delivered the opinion of the court:

The plaintiff, Gloria Gassman, was injured while working on a riverboat casino owned by the defendants, RGB Riverboat, d/b/a Grand Victoria Casino, Elgin, and Elgin Riverboat Resort, d/b/a Grand Victoria Casino, Elgin.  The plaintiff sued for personal injuries under the Jones Act (46 U.S.C. app. §688 (1994)) and under general maritime law.  After a bench trial, the trial court found on behalf of the defendants.  On appeal, the plaintiff argues that (1) this cause should be remanded for a hearing to determine whether the trial court had subject matter jurisdiction over the plaintiff's claims; and (2) the trial court committed various errors during the trial.

The plaintiff's complaint alleged that she worked as a member of the security department on the defendants' riverboat casino.  The riverboat operates on the Fox River in Elgin.  One of the plaintiff's regular duties was to transport a "birdcage" containing betting chips.  The plaintiff alleged that during the week of July 29, 1996, she injured her back while carrying such a birdcage.  Counts I, IV, VI, and IX of the complaint alleged a cause of action for negligence under the Jones Act (46 U.S.C. app. §688 (1994)).  Counts II, V, VII, and X alleged that the plaintiff was entitled to maintenance and cure benefits under general maritime law.  Counts III and VIII alleged that the defendants' vessel was unseaworthy in violation of the warranty of seaworthiness owed by a vessel owner to a seaman.

On June 5, 2000, the trial court granted summary judgment to the defendants on counts III and VIII relating to the seaworthiness of the defendants' vessel.

On November 29, 2000, following a five-day trial, the trial court found on behalf of the defendants as to the remaining counts of the plaintiff's complaint.  As to counts II, V, VII, and X, the trial court found that the defendants had already satisfied their obligation to provide maintenance and cure to the plaintiff under general maritime law.  As to the Jones Act counts, the trial court found that the plaintiff did not prove that (1) the defendants were negligent; and (2) any act or omission on the part of the defendants proximately caused the plaintiff's injury.  Following the denial of her posttrial motion, the plaintiff filed a timely notice of appeal.

On appeal, the plaintiff initially questions whether the trial court had subject matter jurisdiction to hear the instant case.  Although neither party questioned the trial court's jurisdiction below, the plaintiff argues that this court has an obligation to inquire whether the trial court possessed jurisdiction over her maritime claims.  The plaintiff asserts that the trial court may not have had jurisdiction because the defendants' riverboat casino was not located upon a navigable waterway.  See 
Weaver v. Hollywood Casino-Aurora, Inc.
, 255 F.3d 379 (7th Cir. 2001).  Because the trial court did not address the question of subject matter jurisdiction, the plaintiff requests that the cause be remanded for an evidentiary hearing on the issue.

Subject matter jurisdiction refers to a court's power both to adjudicate the general question involved and to grant the particular relief requested.  
In re A.H.
, 195 Ill. 2d 408, 415 (2001).  Any action taken by a court that is without subject matter jurisdiction is void and may be attacked at any time.  
In re Estate of Gebis
, 186 Ill. 2d 188, 193 (1999). 
 Jurisdiction over the subject matter cannot be waived, nor may a party be deemed estopped to raise a claim for the lack of subject matter jurisdiction.  
Volkmar v. State Farm Mutual Automobile Insurance Co.
, 104 Ill. App. 3d 149, 151 (1982).  A reviewing court has the obligation to satisfy itself of not only its own jurisdiction but also that of the lower court in the case under review.  
Little Texas, Inc. v. Buchen
, 
319 Ill. App. 3d 78, 81 (2001)
.  Subject matter jurisdiction is an issue of law that we review 
de
 
novo
.  
Doctor's Associates, Inc. v. Duree
, 319 Ill. App. 3d 1032, 1042 (2001).

The Jones Act provides jurisdiction for a "seaman" who suffers personal injury in the course of his employment.  46 U.S.C. app. §688 (1994).  For an employee to be a "seaman" for purposes of the Jones Act, he must have a connection to a vessel "in navigation" that is substantial in terms of both its duration and its nature.  
Chandris, Inc. v. Latsis
, 515 U.S. 347, 368, 132 L. Ed. 2d 314, 337, 115 S. Ct. 2172, 2189-90 (1995).  Thus, a vessel with no connection to navigable waters is not a source of Jones Act jurisdiction.  
Weaver
, 255 F.3d at 387.

Meanwhile, the determination of whether a trial court has subject matter jurisdiction to hear general maritime claims depends on a two-pronged analysis.  
Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.
, 513 U.S. 527, 534, 130 L. Ed. 2d 1024, 1035, 115 S. Ct. 1043, 1048 (1995).  The first prong, known as the locality test, reflects the traditional requirement that the tort occur on navigable waters.  
Weaver
, 255 F.3d at 382.  The second prong, known as the nexus test, reflects on whether the incident involved has a potentially disruptive effect on maritime commerce and whether the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity.  
Weaver
, 255 F.3d at 382.

 In the instant case, the issue of subject matter jurisdiction was not addressed by the parties or considered by the trial court during the proceedings below.  Therefore, the record does not contain the relevant evidence necessary for us to make a determination of whether the trial court had jurisdiction over this case.  Indeed, the record is silent as to (1) the precise location on the Fox River that the riverboat operated; (2) the physical characteristics of the riverboat; (3) whether the riverboat cruised or was permanently moored; and (4) whether that portion of the Fox River on which the riverboat operated was navigable.  Without such basic information, it is impossible for us to assess the jurisdictional factors detailed above.

A similar situation was faced by the court in 
Weaver v. Hollywood Casino-Aurora
, 255 F.3d 379 (7th
 Cir. 2001).  In that case, the plaintiff sued for relief under the Jones Act and general maritime law after she was injured on the defendant's riverboat casino.  On appeal, the parties did not raise the issue of whether the trial court had subject matter jurisdiction over the action.  
Weaver
, 255 F.3d at 381.  The reviewing court noted that, despite the failure of the parties to raise the issue, it was under an obligation to examine whether the trial court had jurisdiction over the action.  
Weaver
, 255 F.3d at 381.  After reviewing the record, the court found that there was insufficient evidence to determine whether the waterway on which the riverboat was located was navigable.  
Weaver
, 255 F.3d at 384-85.  Since the trial court had made no inquiry into the issue, the reviewing court held that a remand was appropriate so that the district court could determine whether subject matter jurisdiction existed.  
Weaver
, 255 F.3d at 388.

We believe that a similar conclusion is required in the instant case.  Although we agree with the defendants that this case is unusual because it is the plaintiff who is questioning the trial court's jurisdiction, this court nonetheless has an obligation to inquire whether the trial court possessed jurisdiction.  As noted above, neither party is estopped from raising the issue at any time.  
Volkmar
, 104 Ill. App. 3d at 151.  The record in this case is not sufficiently developed for us to determine whether jurisdiction existed over the plaintiff's claims under the Jones Act and federal maritime law.  Accordingly, we conclude that a remand is required so that the trial court can address this issue.  Without a threshold finding of jurisdiction, the trial court may have been without the authority to address the merits of the plaintiff's claim.  We therefore decline to address the merits of the trial court's findings until the trial court's jurisdiction over the subject matter is established.  
Weaver
, 255 F.3d at 388.

For the foregoing reasons, this cause is remanded to the circuit court of Kane County for additional proceedings in accordance with this opinion.

Remanded.

O'MALLEY and BYRNE, JJ., concur.