TOMM'S REDEMPTION, INC., Plaintiff-Appellee, v. JAE PARK, d/b/a Royal Billiards, Defendant-Appellant.

First District (3rd Division)   No. 1—02—0416

Opinion filed September 18, 2002.

Edward M. Shishem, of Chicago, for appellant.

Michael B. Elman, of Chicago, for appellee.

JUSTICE WOLFSON delivered the opinion of the court:

This case poses the question of how long a party to an illicit contract can wait before asking a court to declare the contract void and unenforceable.

Defendant Jae Park, d/b/a Royal Billiards, appeals from a circuit court judgment granting a motion by plaintiff Tomm's Redemption, Inc., to dismiss defendant's petition to vacate a default judgment. The default judgment was entered on plaintiff's lawsuit against defendant for breach of contract. Defendant contends on appeal the court erred in granting plaintiff's motion. He gives two reasons: the default judgment was void because it was based on an illegal gambling contract, and plaintiff fraudulently concealed from the court the illegal nature of the contract.

We reverse the trial court's judgment and remand for further proceedings.

FACTS

Plaintiff filed a complaint on August 4, 1999, alleging defendant

entered into a contract with plaintiff on February 2, 1999. The contract specified plaintiff would provide, maintain, and service "coin operated devices" on the business premises of defendant for five years from the date of installation of the machines. Defendant terminated the contract in July 1999, 235 weeks before the contract was to expire. In the event of breach, the contract required defendant to pay liquidated damages of $500 for each remaining week of the contract plus costs and reasonable attorney fees. Plaintiff alleged defendant refused to pay liquidated damages in the amount of $117,500.

Defendant was personally served with process on September 16, 1999. Plaintiff filed a motion for default judgment on December 3, 1999, alleging defendant failed to file his appearance or respond to the complaint and requesting damages in the amount of $118,100. The circuit court entered an order for default judgment in that amount the same day.

On January 28, 2000, plaintiff filed a citation to discover assets, which was mailed to defendant on February 1, 2000. A receipt was returned with defendant's signature.

On March 7, 2000, defendant failed to appear in court, and the matter was continued. Defendant appeared in court on April 20, 2000, pursuant to the citation and represented that he had retained an attorney. The record does not show defendant or his lawyer ever filed an appearance or answer in this case.

Defendant filed for bankruptcy on April 6, 2000, but the bankruptcy proceeding was dismissed on May 31, 2000. The citation proceeding was placed on the bankruptcy calendar, then removed after dismissal of the bankruptcy proceeding.

On October 17, 2000, defendant was personally served a second time with the citation to discover assets. Defendant failed to appear in court on October 31, 2000, and was held in contempt of court on November 30, 2000, for failing to appear.

On January 23, 2001, defendant was served with a notice of real estate levy sale, a judgment certificate, a direction to levy on real estate, a commissioner's appraisal for execution sale, an oath of commissioners to appraise homestead, and a summons of commissioners to appraise homestead. Defendant was again held in contempt of court on February 22, 2001, for failing to appear. Notice of the sale of defendant's residence was published in the Chicago Daily Law Bulletin on February 15, 2001, and March 1, 2001, and the residence was sold pursuant to sheriff's sale on April 4, 2001. We were informed at oral argument that it was the plaintiff who bought defendant's residence. The citation proceeding was dismissed on June 27, 2001.

Defendant filed an "Emergency Petition to Vacate Void Judgment

and Set Aside Judicial Levy Sale," on October 4, 2001, the day his right of redemption regarding the judicial levy sale was due to expire. Defendant's petition and attached affidavit alleged:

"2. This contract is part of an agreement between the Plaintiff and the Defendant for the supply of video gambling machines so that the customers of Royal Billiards could engage in gambling transactions.

3. The customers of Royal Billiards would play the video gambling machines and be paid money for their winnings.

4. Periodically, the Plaintiff's representatives would come to the Defendant's pool hall and empty the money from the gambling machines after checking the machines [sic] registers for the amounts won and lost.

5. The money in the machines would be divided 40% to the Plaintiff and 60% to the Defendant, after all adjustments were made for the winnings that were paid out to the players.

6. The Defendant has in his control, evidence that the machines in this case were used for illegal gambling, including but not limited to a stack of weekly records showing: the total amount taken in; the total amount paid out as winnings; the net profit; and the split of the net profit. Each of these records are [sic] initialed by a collector of the Plaintiff's company.
                            * * *
9. The contract is an agreement between the parties to engage in gambling transactions using said vending machines."

In short, defendant alleged he willingly entered into an illegal contract for profit.

Defendant's affidavit also stated he asked plaintiff to remove the machines because he no longer wanted them in his establishment. Defendant requested that the court vacate the default judgment and the resulting levy sale of his home as void because the judgment was entered on an illegal gambling contract.

■ The nature of defendant's pleadings in the trial court is not completely clear. The full title of the document he filed is "EMERGENCY PETITION TO VACATE VOID JUDGMENT & SET ASIDE JUDICIAL LEVY SALE." He never indicated he was bringing his petition under section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 2000)). Plaintiff responded to the petition as if it were brought under section 2—1401, raising a due diligence issue. Although defendant makes reference to section 2—1401 requirements in his appellate brief, he never contends his petition to vacate was brought under that provision of the Illinois Code of Civil Procedure. A party is not limited to section 2—1401 when it asks for relief from a void order or judgment. See 735 ILCS 5/2—1401(f) (West 2000)

("Nothing contained in this Section affects any existing right to relief from a void order or judgment, or to employ any existing method to procure that relief").

On October 11, 2001, plaintiff filed a motion to confirm the judicial levy sale. On October 24, 2001, plaintiff filed a motion to dismiss defendant's petition to vacate judgment. Plaintiff's motion alleged that defendant failed to show due diligence in presenting his defense in the original action or in his petition to vacate under section 2—1401 of the Code of Civil Procedure. 735 ILCS 5/2—1401 (West 2000).

Defendant filed an answer, arguing that a motion attacking a void judgment is not subject to the time constraints of a petition to vacate or to any section 2—1401 due diligence requirements. Plaintiff then filed a reply, contending defendant offered no facts to support his assertion that the judgment was void, that nothing about gambling appeared in the contract.

On December 19, 2001, the court granted plaintiff's motion to dismiss defendant's petition, and on December 20, 2001, the court granted plaintiff's motion to confirm the judicial levy sale. On December 27, 2001, defendant filed a motion to reconsider the court's order granting plaintiff's motion, realleging his previous argument that the original default judgment was void. On January 7, 2002, the court denied defendant's motion to reconsider and dismissed the case with prejudice.

In its order, the court said, "[n]othing the defendant alleged in its motion to vacate could lead the court to believe this was a gambling contract," and "[d]efendant's Motion to Vacate did not plead allegations of due diligence." Defendant filed his notice of appeal on January 30, 2002.

DECISION

Defendant contends his petition to vacate was sufficiently pled to lead the trial court to find the default judgment was based on an illegal gambling contract. Furthermore, defendant now contends that plaintiff fraudulently withheld the illegal nature of the contract from the court, in effect committing a fraud on the court. Defendant contends that based on his allegation of fraud on the court by plaintiff, his delay in bringing the petition to vacate should be excused. That was not a claim he made in the trial court.

Plaintiff responds that the contract stated nothing on its face regarding gambling and thus was not a void illegal contract. Plaintiff also contends defendant failed to allege any facts supporting the claim that the court's judgment was procured by fraud and, further, defendant failed to argue fraud before the lower court.

■ The court order from which defendant appeals granted a motion by plaintiff to dismiss defendant's petition to vacate the default judgment. Plaintiff's motion contended that defendant failed to present facts sufficient to support a motion to vacate a default judgment under section 2—1401 of the Code of Civil Procedure. 735 ILCS 5/2—1401 (West 2000). When a party files a section 2—615 motion challenging a petition for relief under section 2—1401, the motion admits all well-pled facts and attacks only the legal sufficiency of the petition. 735 ILCS 5/2—615 (West 2000); *Ostendorf v. International Harvester Co.*, 89 Ill. 2d 273, 280, 433 N.E.2d 253 (1982); *In re Marriage of Hoppe*, 220 Ill. App. 3d 271, 283, 580 N.E.2d 1186 (1991). We see no reason why the same admission by plaintiff should not apply to defendant's motion to vacate default judgment.

■ Defendant contends the allegations in his petition to vacate show that the contract was an illegal gambling contract. Thus, the default judgment based on the contract was void as a matter of law, and defendant may bring a collateral attack against the judgment. A void judgment, order, or decree may be attacked at any time or in any court either directly or collaterally. *Dec v. Manning*, 248 Ill. App. 3d 341, 347, 618 N.E.2d 367 (1993).

■ In a petition to vacate a void judgment, the general rules pertaining to section 2—1401 petitions—that they must be filed within two years of the order or judgment, that the petitioner must allege a meritorious defense to the original action, and that the petitioner must show that the petition was brought with due diligence—do not apply. *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 104 (2002). The allegation that the judgment or order is void substitutes for and negates the need to allege a meritorious defense and due diligence. *Sarkissian*, 201 Ill. 2d at 104; *Bank of Matteson v. Brown*, 283 Ill. App. 3d 599, 606, 669 N.E.2d 1351 (1996); *People v. Reymar Clinic Pharmacy, Inc.*, 246 Ill. App. 3d 835, 841, 617 N.E.2d 35 (1993).

■ Although the contract stated nothing on its face about machines used for gambling, defendant contends the "coin operated machines" mentioned in the contract were actually video gambling machines used in furtherance of an illegal gambling contract. In support of his position, defendant cites section 28—7 of the Criminal Code of 1961, which states that all contracts "where the whole or any part of the consideration thereof is for any money or thing of value, won or obtained in violation of any Section of this Article are null and void." 720 ILCS 5/28—7(a) (West 2000). Furthermore, any obligation void under the Criminal Code may be set aside and vacated by any court of competent jurisdiction, upon a complaint filed for that purpose. 720 ILCS 5/28—7(b) (West 2000).

Defendant also relies on decisions holding contracts made in furtherance of gambling are null and void. See *Hall v. Montaleone*, 38 Ill. App. 3d 591, 592, 348 N.E.2d 196 (1976) (gambling contracts are absolutely void and unenforceable, by reason of public policy); *Brelsford v. Stoll*, 304 Ill. App. 222, 226, 26 N.E.2d 159 (1940) ("alleged contract was illegal and void from its inception as contravening the provisions of the gaming statutes of Illinois and against public policy and was therefore unenforceable"); *Schneider v. Turner*, 130 Ill. 28, 39, 22 N.E. 497 (1889) ("[n]othing is more clearly and firmly established by the common law, than that all gambling contracts are void"); *Mallett v. Butcher*, 41 Ill. 382, 383-84 (1866) (all contracts having their origin in gaming are void, not voidable, and it is immaterial when or how the fact is made patent to the court). Defendant relies on *Schneider*, 130 Ill. at 39, in contending that illegal gambling contracts are void whether the agreement is expressed on the face of the contract or simply exists by secret understanding.

Plaintiff responds that the court's judgment was not void, as defendant contends, because the contract on which the judgment was based is a legal contract for the lease of coin-operated machines. Nothing is stated in the contract regarding gambling. At best, plaintiff asserts, defendant's argument that the contract was for gambling devices amounts to an allegation of a meritorious defense.

■ In support of its position, plaintiff contends orders or judgments are "void" only where they are entered by a court lacking jurisdiction over the parties or the subject matter of the litigation. *Community Bank of Plano v. Otto*, 324 Ill. App. 3d 471, 474, 755 N.E.2d 532 (2001); *Potenz Corp. v. Petrozzini*, 170 Ill. App. 3d 617, 618-19, 525 N.E.2d 173 (1988); *Mortimer v. River Oaks Toyota, Inc.*, 278 Ill. App. 3d 597, 602, 663 N.E.2d 113 (1996); *Walton v. Albers*, 380 Ill. 423, 427, 44 N.E.2d 145 (1942). Once the court has jurisdiction, an order will not be rendered void because of an error or impropriety in the court's determination of law, and a court may not lose jurisdiction merely because it makes a mistake in determining the facts, the law, or both. *Community Bank*, 324 Ill. App. 3d at 474.

In this case, as plaintiff correctly observes, the court obtained personal jurisdiction over defendant when he was served with process on September 16, 1999. The court also had subject matter jurisdiction over a breach of contract action. Therefore, plaintiff contends, defendant is incorrect in claiming that the court's order was void where the court obtained jurisdiction over both the parties and subject matter.

■ It is clear to us that the facts in defendant's affidavit, taken as true for purposes of the section 2—615 motion, establish that this was

a gambling contract. The plaintiff and the defendant were to split the proceeds 60-40 after deducting the winnings of the players. That is gambling, pure and simple. We conclude the trial court erred when it held defendant did not demonstrate in his affidavit that this was a gambling contract.

We also find the trial court erred when it relied on defendant's failure to "plead due diligence." The motion to vacate was not brought under section 2—1401, and it did not have to satisfy that section's due diligence requirement.

Defendant is entitled to a hearing on his factual allegations. At that hearing the trial court is to consider whether defendant has proved this was a void gambling contract and, if so, whether this defendant, as a willing participant in the unlawful enterprise, is entitled to seek relief in the courts. See *Brelsford*, 304 Ill. App. at 227, quoting *Mitchell v. Clem*, 295 Ill. 150, 156-57 (1920) (When a contract is illegal, courts of equity will neither compel the execution of the agreement nor set it aside after it has been executed, " 'because to give relief in such a case would injure and counteract public morals' "). Also see *In re Marriage of Steinberg*, 302 Ill. App. 3d 845, 857, 706 N.E.2d 895 (1998) (where this court held a contract for splitting contingency fees was void as against public policy, but where both parties to the contract are equally at fault, we will not aid either one, but will leave them where we find them).

Another consideration for the trial court is whether, if this should turn out to be a gambling contract, the plaintiff perpetrated a fraud on the courts that entered the default order and the order allowing the sheriff's sale. When doing so, the trial court should consider that defendant, by his silence, was a willing participant in the fraud. Outright fraud on the courts of this state is not to be countenanced. A judgment procured by fraud is void and will not be enforced. *Siddens v. Industrial Comm'n*, 304 Ill. App. 3d 506, 511, 711 N.E.2d 18 (1999); *In re Application of the Cook County Collector for Judgement & Sale Against Lands & Lots Returned Delinquent for Nonpayment of General Taxes for the Year 1985 & Petition for Tax Deed of Barnard*, 228 Ill. App. 3d 719, 733, 593 N.E.2d 538 (1991).

It is true that defendant did not specifically raise the fraud issue in the trial court, but it is too serious a matter for us to overlook. We assume it will be raised this time. We do not expect that a party should be rewarded because it was able to conceal the true nature of the contract it seeks to enforce.

CONCLUSION

For the reasons stated, we reverse the trial court's order granting

plaintiff's section 2—615 motion and remand this cause for further proceedings consistent with this opinion.

Reversed and remanded.

SOUTH, P.J., and HALL, J., concur.