CHRISTOPHER SLEETER, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Cabinetland Discount, Ltd., Appellee).

Fourth District   No. 4—02—1044WC

Argued January 13, 2004.—Opinion filed March 3, 2004.—Rehearing denied April 6, 2004.

GOLDENHERSH, J., dissenting, joined by HOLDRIDGE, J.

Dawn L. Wall (argued), of Costigan & Wollrab, P.C., of Bloomington, for appellant.

R. Mark Cosimini (argued), of Rusin, Patton, Maciorowski & Friedman, Ltd., of Urbana, for appellee.

Lisa Madigan, Attorney General, of Chicago (Gary S. Feinerman, Solicitor General, and Jan E. Hughes (argued), Assistant Attorney General, of counsel), for Industrial Commission.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Claimant, Christopher Sleeter, sought benefits pursuant to the Workers' Compensation Act (Act) (820 ILCS 305/1 through 30 (West 1994)) for injuries he sustained to his "back, legs, and other parts of his body." Claimant alleged he suffered an accident during the course of his employment with employer, Cabinetland Discount, Ltd., on June 10, 1994. Following a hearing, the arbitrator found claimant proved he sustained accidental injuries arising out of and in the course of his employment with employer and awarded claimant benefits.

On review, the Industrial Commission (Commission) reversed the decision of the arbitrator, finding claimant failed to prove he sustained accidental injuries arising out of and in the course of his employment with employer. Claimant sought judicial review of the Commission's decision in the circuit court of McLean County, which confirmed the Commission's decision.

Claimant appeals, arguing that (1) the Commission's finding that claimant failed to prove he sustained accidental injuries arising out of and in the course of his employment with employer on June 10, 1994, is against the manifest weight of the evidence, and (2) the Commission's decision is void because Robert Madigan, a necessary member of the panel that rendered the decision, was not qualified to serve as a commissioner. We affirm.

On October 13, 1994, claimant filed an application for adjustment of claim under the Act, alleging he suffered an accident on June 12, 1994, and while working for employer. Claimant testified that he worked as a "warehouse worker" for employer. On June 10, 1994, claimant "f[e]ll over backwards" while carrying a large box weighing approximately 80 pounds. Claimant testified:

"On that date I was rotating stock in the warehouse, I stepped backwards with my left foot while holding a box, my left foot hit a two by four rung on the floor. I planted my left foot backwards, I was still off balance, picked my left up again to regain balance, hit a box behind me. At that point I started to fall over backwards. My hips landed on a box. At that point my hips twisted to the right-hand side. I threw the box off and stood back up."

Medical records dated November 11, 1994, provide details of an ac-

cident at work on approximately June 10, 1994, and are like the details claimant provided at hearing on August 3, 2000.

Following the hearing, the arbitrator found claimant proved he sustained accidental injuries arising out of and in the course of his employment with employer and awarded claimant benefits. On review, the Commission reversed the decision of the arbitrator, finding claimant failed to prove he sustained accidental injuries arising out of and in the course of his employment with employer. The Commission found claimant not credible stating, "[claimant's] testimony both as to the date of the accident as well as to the mechanics of the accident do not coincide with the contemporaneous medical histories taken by the treating physicians shortly after the alleged date of accident." Claimant sought judicial review of the Commission's decision in the circuit court of McLean County, which confirmed the Commission's decision. This appeal followed.

Claimant argues the Commission's finding that claimant failed to prove he sustained accidental injuries arising out of and in the course of his employment with employer on June 10, 1994, is against the manifest weight of the evidence.

■ In a workers' compensation case, the claimant has the burden of establishing, by a preponderance of the evidence, that his injury arose out of and in the course of his employment. *O'Dette v. Industrial Comm'n*, 79 Ill. 2d 249, 253, 403 N.E.2d 221, 223 (1980). It is the function of the Commission to decide questions of fact, judge the credibility of witnesses, and resolve conflicting evidence. *O'Dette*, 79 Ill. 2d at 253, 403 N.E.2d at 223-24. The Commission's determination on a question of fact will not be disturbed on review unless it is against the manifest weight of the evidence. *Orsini v. Industrial Comm'n*, 117 Ill. 2d 38, 44, 509 N.E.2d 1005, 1008 (1987).

■ The Commission exercises original rather than appellate jurisdiction and is in no way bound by the arbitrator's findings. *Paganelis v. Industrial Comm'n*, 132 Ill. 2d 468, 483, 548 N.E.2d 1033, 1040 (1989). We reject the argument that an extra degree of scrutiny must be applied to a decision of the Commission which reverses the decision of an arbitrator. *Wagner Castings Co. v. Industrial Comm'n*, 241 Ill. App. 3d 584, 594, 609 N.E.2d 397, 404 (1993).

■ The Commission found claimant's testimony at hearing "grossly inconsistent with the more trustworthy contemporaneous medical histories." Claimant sought treatment in the emergency department on June 12, 1994. Claimant complained of pain in his hip for approximately two weeks. Claimant did not reference an accident suffered at work on June 10, 1994. Approximately five days later, claimant sought treatment with Dr. Jane Leonardson, Carle Clinic As-

sociation, complaining of back and hip pain. Claimant reported he had suffered pain in the "crural fold" for approximately six months, after moving railroad ties. Claimant reported he was lifting in a warehouse five days earlier, on June 12, 1994, and not on June 10, 1994. At hearing, claimant testified he did not injure himself lifting railroad ties and had not experienced "discomfort in the fold around [his] hip" for approximately six months. Although claimant testified at hearing he provided each of the medical care providers details of an accident at work on June 10, 1994, the record does not show claimant provided details of a June 10, 1994, accident at work until November 11, 1994, approximately five months following the alleged accident, and approximately one month after filing an application for adjustment of claim, alleging he suffered an accident on June 12, 1994, and not on June 10, 1994. Although claimant argues the date-of-accident evidence presented is not inconsistent, the Commission's determination is supported by the record. As to claimant's credibility, the record, with respect to his participation, or lack thereof, in a work-hardening program, his failure to cooperate with the therapists, and the report of Dr. Thomas W. Diller, medical director, BroMenn Occupational, Preventative, and Rehabilitation Services, further supports the Commission's finding as to lack of credibility. Diller's report stated the impression that claimant had other agendas and tended to interpret things upon his own terms, and Diller's concern was that claimant "could possibly set us up for something." The Commission's determination that claimant failed to prove accidental injuries arising out of and in the course of his employment on June 10, 1994, is not against the manifest weight of the evidence.

Claimant next argues the Commission's decision is void because Robert Madigan, a necessary member of the panel that rendered the decision, was not qualified to serve as a commissioner. Specifically, claimant argues he could not find "discussion" of Madigan's "labor relations experience" in an Illinois Senate transcript, dated November 7, 2001, nor did various letters of appointment by former Governor George Ryan "set[ ] forth" Madigan's "labor relations experience," and therefore, claimant argues Madigan was not qualified to serve as a commissioner. Claimant did not challenge Madigan's qualifications prior to this appeal.

■ Taken with the case are claimant's (1) motion for leave to supplement the record on appeal, and (2) motion to strike the affidavit of Robert A. Madigan and motion to strike the supplemental information attached to the brief of the employer-appellee. Claimant offers photocopied documents "regarding *** information on *** Madigan's appointment by Governor Ryan to the *** Commission," select pages

from the Illinois Blue Book 2000, and a Senate transcript dated November 7, 2001. In response, employer offers an affidavit prepared by Madigan and detailing his labor relations experience. We grant claimant's motion for leave to supplement the record on appeal and deny claimant's motion to strike the affidavit of Robert A. Madigan and motion to strike the supplemental information attached to the brief of the employer-appellee.

■ The Act provides:

"There is created an Industrial Commission consisting of 7 members to be appointed by the Governor, by and with the consent of the Senate ***. One of the *** members *** shall be designated by the Governor as Chairman. ***

\* \* \*

The Commissioner candidates, other than the Chairman, must meet one of the following qualifications: (a) licensed to practice law in the State of Illinois; or (b) served as an arbitrator at the Illinois Industrial Commission for at least 3 years; or (c) has at least 4 years of professional labor relations experience. The Chairman candidate must have public or private sector management and budget experience, as determined by the Governor." 820 ILCS 305/13 (West 2000).

■ The Act provides a commissioner be appointed by the Governor, by and with the consent of the Senate. Here, Governor Ryan appointed Madigan as a commissioner on June 27, 2001. On November 7, 2001, Madigan's nomination was transmitted to the Senate, and on November 14, 2001, his nomination was confirmed by the Senate.

We do not find persuasive claimant's argument that because he could not find "discussion" of Madigan's "labor relations experience" in an Illinois Senate transcript, dated November 7, 2001, and did not find Madigan's labor relations experience set forth in the various letters of appointment by the former Governor, that Madigan did not possess the required "labor relations experience" to serve as a commissioner. Claimant does not cite to authority for a required "discussion" in the Senate or for a requirement that the various letters of appointment prepared by the Governor set forth the Commissioner candidate's labor relations experience.

Further, we note the Act specifically provides that a Commission Chairman candidate's "experience" be determined by the Governor. We find it equally appropriate that a commissioner candidate's experience also be determined by the Governor. The mere fact that a claimant suggests on appeal that a commissioner may not have been qualified to render a decision not favorable to claimant does not make it so. Moreover, there is nothing in the record before this court that suggests Madigan was not qualified to serve as a commissioner.

Citing *Daniels v. Industrial Comm'n,* 201 Ill. 2d 160, 775 N.E.2d 936 (2002), claimant argues "the procedures for appointment of Commissioners must be strictly adhered to in order to maintain the balance of membership on the Commission." The Act provides a commissioner be appointed by the Governor, by and with the consent of the Senate. Here, Governor Ryan appointed Madigan as a commissioner and his nomination was confirmed by the Senate. Claimant does not argue the appointment threatened "the balance of membership on the Commission."

Further, we note differing "procedures for appointment." In *Daniels,* the supreme court examined the Commission Chairman's power to designate successor acting commissioners, a power granted to the Chairman by the legislature. "The Governor neither appointed nor nominated replacements *** as specified in the Act." *Daniels,* 201 Ill. 2d at 163, 775 N.E.2d at 938. Here, we examine the Governor's power to "appoint all officers whose election or appointment is not otherwise provided for," a power granted the Governor by the Illinois Constitution. Ill. Const. 1970, art. V, § 9(a).

The claimant failed to make even a *prima facie* showing that the appointment was void. In conclusion, we do not find the Commission's decision void.

We affirm the order of the circuit court of McLean County confirming the Commission's decision.

Affirmed.

HOFFMAN and CALLUM, JJ., concur.

JUSTICE GOLDENHERSH, dissenting:
I respectfully dissent. The majority's disposition minimizes issues legitimately raised by claimant concerning the ability of Commissioner Madigan to serve. It characterizes the challenge to Commissioner Madigan as merely an argument that there was no "discussion" of the commissioner's labor relations experience in the Senate or in Governor Ryan's documents of appointment. However, the majority also granted claimant's motion for leave to supplement the record on appeal and denied the motion to strike Madigan's affidavit and the supplement filed by the employer. The majority claims that there is nothing in the record that suggests Madigan was not qualified to serve as a commissioner, but that claim ignores the supplemental filings granted in the same disposition. The majority disposition also represents the claimant's argument as one of the procedures for appointment, noting that the power of appointment rests with the Governor. This is a

distinction without a difference, since the real question is the qualification of Commissioner Madigan to serve. Since we are dealing with a creature of statute with limited authority, the ultimate question is whether its decision in this case was void.

Our supreme court addressed the appropriateness of raising such an issue, whether a Commissioner is qualified to serve, in *Daniels v. Industrial Comm'n*, 201 Ill. 2d 160, 775 N.E.2d 936 (2002). In *Daniels*, the circuit court confirmed the Commission's reduction of an award. The first time claimant contended that the panel that rendered the Commission's decision was illegally constituted was in the appellate court. The appellate court certified that the question warranted further review. *Daniels*, 201 Ill. 2d at 162, 775 N.E.2d at 938; 177 Ill. 2d R. 315(a). The supreme court reversed and remanded.

In *Daniels*, the panel that was eventually assigned the case had two vacancies due to commissioners leaving their posts; one to become the new chairman of the Commission and the other after a medical leave. The new chairman of the Commission appointed a succession of arbitrators to temporarily fill the positions. The court pointed out that the responsibility for appointing commissioners is vested in the Governor. *Daniels*, 201 Ill. 2d at 163, 775 N.E.2d at 938; 820 ILCS 305/13 (West 1994). The Governor may make appointments with the consent of the Senate and, if the Senate is in recess, the Governor is allowed to make temporary appointments until the Senate reconvenes. The court noted that the chairman has the authority to appoint arbitrators to serve as commissioners on a temporary basis, but that this is reserved for situations where the sitting commissioner remains in office but " 'is or will be unavailable to fulfill [his or her] responsibilities.' " *Daniels*, 201 Ill. 2d at 164, 775 N.E.2d at 939, quoting 820 ILCS 305/13 (West 1992). The positions were vacant not because the previous commissioners had become temporarily unavailable, but because they had permanently left the position. The court found that allowing the chairman to appoint new commissioners in such situations would invalidate the requirements of the Act and allow the chairman to pack the Commission with representatives favorable to his political interests. *Daniels*, 201 Ill. 2d at 164-65, 775 N.E.2d at 939.

The court stated that the Commission's status as an administrative agency was central to the ability to review the case. *Daniels*, 201 Ill. 2d at 165, 775 N.E.2d at 939. The court noted that the Commission has no general or common law powers. The Commission is an administrative agency whose powers are only those conferred by the legislature. *Daniels*, 201 Ill. 2d at 165, 775 N.E.2d at 940. When an administrative agency acts outside its specific statutory authority, it acts without jurisdiction.

The court also found that the lack of power of the Commission to render a decision could be raised at any point:

"The qualifications of Kane and Reichart were not challenged prior to the appeal to the appellate court. That, however, is of no consequence. Because agency action for which there is no statutory authority is void, it is subject to attack at any time in any court, either directly or collaterally. *Business & Professional People [for the Public Interest v. Illinois Commerce Comm'n]*, 136 Ill. 2d [192,] 243-44[, 555 N.E.2d 693, 716 (1989)]. Even if the parties themselves do not raise the question, courts have an independent duty to vacate and expunge void orders and thus may *sua sponte* declare an order void." *Daniels*, 201 Ill. 2d at 165, 775 N.E.2d at 940, citing *Siddens v. Industrial Comm'n*, 304 Ill. App. 3d 506, 511, 711 N.E.2d 18, 21-22 (1999).

The Commission's decision in this case may similarly be void. The resolution of this issue raises a question of fact. There appears to be no dispute that Madigan did not meet either of the first two possible criteria—he was neither a lawyer nor had he previously served as an arbitrator. The parties dispute whether Madigan had four years of professional labor relations experience. In his motion to supplement the record, claimant presents Madigan's Senate resume and an Illinois Blue Book entry. Employer moved to strike the motion to supplement and, in the alternative, submitted an affidavit from Madigan.

The supplements raise a reasonable possibility that the order was void; however, the record on this issue does not appear to be fully developed. The supplemental motion reveals that claimant has a meritorious claim, but employer's response indicates a material evidentiary conflict warranting an evidentiary hearing. See *Tomm's Redemption, Inc. v. Park*, 333 Ill. App. 3d 1003, 1010, 777 N.E.2d 522, 528 (2002). There has been no evidentiary hearing on the issue. Similar to other instances in which jurisdiction is at issue, resolution of this matter requires an evidentiary hearing that can best be handled by the circuit court. See *Viktron Ltd. Partnership v. Program Data, Inc.*, 326 Ill. App. 3d 111, 116, 759 N.E.2d 186, 192 (2001) (remand for evidentiary hearing needed to evaluate basis for personal jurisdiction over a nonresidential defendant); *Gassman v. RGB Riverboat*, 329 Ill. App. 3d 224, 227, 768 N.E.2d 831, 832 (2002) (remand for evidentiary hearing needed to determine whether party was a "seaman"). Therefore, this matter should be remanded to the circuit court for a factual determination of this issue. See *Zeigler v. Industrial Comm'n*, 51 Ill. 2d 137, 141-42, 281 N.E.2d 342, 344-45 (1972) (circuit court may consider evidence additional to what was presented to the Commission when determining whether the conduct of the action of the Commission was valid).

The remand of this case on this issue would preclude as premature a discussion of the other issues raised by claimant. This cause should be remanded to the circuit court for further proceedings on the issues related to Commissioner Madigan.

HOLDRIDGE, J., joins this dissent.