2-00-0039

 No. 2--00--0039

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

COMMUNITY BANK OF PLANO, n/k/a  ) Appeal from the Circuit Court

First National Bank of  ) of Kendall County.

Joliet/Plano Banking Center,  )

  ) 

Plaintiff-Appellee,
  )

                        )

v.                               ) No. 93--L--60

    )

 
 )

A. NORMAN OTTO and ALLEN C. OTTO,) 

Special Adm'rs of the Estate
      ) 

of August C. Otto, Jr.,       ) Honorable

                                 ) Thomas E. Hogan,

Defendants-Appellants.  ) Judge, Presiding.

_________________________________________________________________

JUSTICE O'MALLEY delivered the opinion of the court: 
 

Defendants, A. Norman Otto and Allen C. Otto, appeal from the trial court’s dismissal of their petition to set aside and vacate judgment and the denial of their motion for rehearing.  We vacate the trial court’s judgment.

We first note that plaintiff, Community Bank of Plano (bank), has moved to dismiss this appeal pursuant to Supreme Court Rule 373 (134 Ill. 2d R. 373), in that defendants’ notice of appeal was filed 31 days after the entry of the order from which this appeal is taken.  However, the thirtieth
 day after the entry of the order fell on a Sunday.  The notice of appeal was filed the next day.  Therefore, the notice of appeal was timely filed, and we deny the bank’s motion to dismiss. 

The bank also seeks the dismissal of the appeal because defendants failed to provide in their brief a jurisdictional basis for this court to hear this appeal, as required by Supreme Court Rule 341(e)(4)(ii) (177 Ill. 2d R. 341(e)(4)(ii)) (miscited by the bank as Supreme Court Rule 341(e)(3)), and a statement regarding the standard of review for each issue, as required by Supreme Court Rule 341(e)(3) (177 Ill. 2d R. 341(e)(3)).  We note that defendants have provided a statement of jurisdiction and find that it is sufficient.  However, defendants have in fact failed to include any statement regarding the standard of review.  Defendants similarly failed to provide a statement of the standard of review in their brief in a prior appeal arising out of this litigation.  This failure to follow the supreme court rules was brought to defendants’ attention.  See 
Community Bank v. Otto
, No. 2--97--1298,
 slip order at 4 
(1998) (unpublished order under Supreme Court Rule 23).  We admonish defendants and their counsel that compliance with the supreme court rules is not a matter of convenience. Having had the same deficiency brought to their attention previously in this case, defendants’ lack of compliance with the rules should be inexcusable.  Nevertheless, defendants’ brief is not so deficient as to prevent our review of the appeal.  See 
In re Marriage of Corkey
, 269 Ill. App. 3d 392, 396 (1995).  Therefore, we will not dismiss the appeal.

On November 24, 1997, the trial court entered judgment in the amount of $313,555.53 in favor of the bank and against the estate of August C. Otto, deceased.  This judgment was affirmed  i
n No. 2--97--1298.  In December 1997, the bank filed a citation to discover assets against defendants as co-administrators of the estate of August C. Otto and as transferees of certain property that had been transferred in 1994.  While the citation was ordered to issue, no service of the citation was obtained. 

In April 1998, the bank filed a verified petition for the issuance of a citation to recover property on behalf of the estate, seeking relief pursuant to section 16--1 of the Probate Act of 1975 (755 ILCS 5/16--1 (West 1998)).  The citation issued, and, after a hearing, the trial court entered an order on March 19, 1999, in which the court found that the 1994 property transfer had been a fraudulent conveyance.  The court ordered the transfer of the property to the Estate of August C. Otto and allowed the bank to levy on the property, which was subsequently sold at a sheriff’s sale.

On June 16, 1999, defendants filed a petition pursuant to section 2--1401 of the Civil Practice Law (735 ILCS 5/2--1401 (West 1998)) to set aside and vacate the March 19 order.  The bank filed a motion to dismiss that was granted on July 27.  Defendants then filed on August 19 a motion to vacate the order dismissing their petition.  The record is unclear as to what happened next; however, on September 24, the court entered an order again dismissing the section 2--1401 motion as "not being in compliance" with section 2--1401(a) and taking under advisement "the motion to Declare the Judgment Void."  On December 10, the court ruled that the judgment order was not void and denied the motion to vacate.  This appeal followed.

Defendants first contend that the trial court erred in determining that the March 19 judgment was not void.  A void order or judgment can be attacked at any time or in any court, in either a direct or a collateral proceeding.  
JoJan Corp. v. Brent
, 307 Ill. App. 3d 496, 502 (1999).  A judgment is void only where there is a total lack of jurisdiction in the court that entered the judgment, either as to subject matter or as to the parties.  
In re Marriage of Mitchell
, 181 Ill. 2d 169, 174 (1998).  To support a collateral attack, the lack of jurisdiction must appear on the face of the record.  
JoJan
, 307 Ill. App. 3d at 505.  If the record does not contain evidence that the court’s action is a nullity, or, if it recites jurisdictional facts that are untrue, the judgment is voidable and must be attacked directly for the purpose of establishing with other evidence the untruthfulness of the record.  
In re Marriage of Stefiniw
, 253 Ill. App. 3d 196, 201 (1993).  A judgment is merely voidable if it is entered erroneously by a court having jurisdiction; such a judgment is not subject to collateral attack.  
Mitchell
, 181 Ill. 2d at 174.  Once a court has jurisdiction, an order will not be rendered void because of an error or impropriety in the court’s determination of law, and a court may not lose jurisdiction merely because it makes a mistake in determining the facts, the law or both.  
Mitchell
, 181 Ill. 2d at 174-75.

Subject matter jurisdiction is the court’s power both to adjudicate the general question involved and to grant the particular relief requested.  
In re Estate of Gebis
, 186 Ill. 2d 188, 192 (1999).  Here, the bank petitioned the court, pursuant to the Probate Act, to issue a citation "ordering A. Norman Otto and Allen C. Otto to convey the real property *** to the Estate of August C. Otto, Deceased as Grantee."  However, the mere invocation of the Probate Act is not sufficient to confer jurisdiction on the trial court. Our review of the record reveals no pleading related to the opening of a decedent’s estate in August C. Otto’s name, the issuance of letters testamentary or of administration for such an estate, or the admission of August C. Otto’s will to probate. Indeed, the bank’s petition itself alleged that "no Probate of the Estate of August C. Otto has been undertaken."
  We are unaware of any reason whereby the Probate Act can be used as a basis for jurisdiction when no estate has been opened.  See 
Gebis
, 186 Ill. 2d at 196 (where no decedent’s estate existed, the trial court lacked jurisdiction to adjudicate claim that should have been brought against it).

The bank argues that the June 1996 appointment of defendants as special co-administrators in the underlying case is evidence of the existence of the estate.  However, a special administrator appointed pursuant to the Civil Practice Law for the purpose of defending an action is not equivalent to an administrator appointed pursuant to the Probate Act.  
Hannah v. Gilbert
, 207 Ill. App. 3d 87, 90 (1990).  Such a special administrator is empowered only to defend the action in which he is appointed; no letters of office to administer the estate issue.  
Hannah
, 207 Ill. App. 3d at 90.  While defendants were appointed as special administrators in the action in which the bank obtained judgment against August Otto, that appointment did not open a decedent’s estate of August C. Otto.  Defendants were not empowered to do anything beyond defending the underlying action.

Until a decedent's will is admitted to probate or letters of administration issue, a trial court lacks any authority to adjudicate a creditor's claim against a decedent and thus a claim  cannot be filed against a decedent's estate until such an estate has been opened.  
Gebis
, 186 Ill. 2d at 196.  In fact, the trial court's only choice is to dismiss such a creditor's claim for lack of subject matter jurisdiction, and any other order by the court is void and we must vacate it.  
Gebis
, 186 Ill. 2d at 197.  Of course, the creditors of a deceased may petition the circuit court either for admission of the decedent's will to probate (755 ILCS 5/6-2 (West 1996)) or for letters of administration (755 ILCS 5/9-3(West 1996)).

As 
Gebis
 pointed out, at first such a decision may appear unduly technical, but the consequences of a contrary result are significant.  Article 18 of the Probate Act establishes detailed procedures for the adjudication of claims against a decedent's estate.  Among these procedures is a schedule setting forth the priority in which claims against a decedent's estate must be paid.  The failure to follow the statutory scheme set forth in the Probate Act could circumvent the priority schedule established in the Act.

The record shows no evidence of the existence of an estate of August C. Otto, deceased.  There being no such entity, the Probate Act did not confer jurisdiction on the trial court to adjudicate the bank’s petition.  Therefore, the March 19, 1999, order was void and must be vacated.

Because of our resolution of this issue, we need not address defendants’ other contentions. 

For these reasons, the judgment of the circuit court of Kendall County is vacated.

Vacated.

GEIGER and BYRNE, JJ., concur.