THIRD DIVISION
 September 18, 2002

No. 1-02-0416

TOMM'S REDEMPTION, INC., ) Appeal from the
 ) Circuit Court of
 ) Cook County.
 Plaintiff-Appellee, )
 )
 )
 v. )
 )
 )
JAE PARK, d/b/a ROYAL BILLIARDS, )
 ) Honorable
 ) James F. Henry,
 Defendant-Appellant. ) Judge Presiding.

 JUSTICE WOLFSON delivered the opinion of the court:

 This case poses the question of how long a party to an illicit
contract can wait before asking a court to declare the contract void and
unenforceable.
 Defendant Jae Park, d/b/a Royal Billiards, appeals from a circuit
court judgment granting a motion by plaintiff Tomm's Redemption, Inc., to
dismiss defendant's petition to vacate a default judgment. The default
judgment was entered on plaintiff's lawsuit against defendant for breach of
contract. Defendant contends on appeal the court erred in granting
plaintiff's motion. He gives two reasons: the default judgment was void
because it was based on an illegal gambling contract, and plaintiff
fraudulently concealed from the court the illegal nature of the contract.
 We reverse the trial court's judgment and remand for further
proceedings.
FACTS
 Plaintiff filed a complaint on August 4, 1999, alleging defendant
entered into a contract with plaintiff on February 2, 1999. The contract
specified plaintiff would provide, maintain, and service "coin operated
devices" on the business premises of defendant for five years from the date
of installation of the machines. Defendant terminated the contract in July
1999, 235 weeks before the contract was to expire. In the event of breach,
the contract required defendant to pay liquidated damages of $500 for each
remaining week of the contract plus costs and reasonable attorney fees.
Plaintiff alleged defendant refused to pay liquidated damages in the amount
of $117,500.
 Defendant was personally served with process on September 16, 1999.
Plaintiff filed a motion for default judgment on December 3, 1999, alleging
defendant failed to file his appearance or respond to the complaint and
requesting damages in the amount of $118,100. The circuit court entered an
order for default judgment in that amount the same day.
 On January 28, 2000, plaintiff filed a Citation to Discover Assets,
which was mailed to defendant on February 1, 2000. A receipt was returned
with defendant's signature.
 On March 7, 2000, defendant failed to appear in court, and the matter
was continued. Defendant appeared in court on April 20, 2000, pursuant to
the Citation and represented that he had retained an attorney. The record
does not show defendant or his lawyer ever filed an appearance or answer in
this case.
 Defendant filed for bankruptcy on April 6, 2000, but the bankruptcy
proceeding was dismissed on May 31, 2000. The Citation proceeding was
placed on the bankruptcy calendar, then removed after dismissal of the
bankruptcy proceeding.
 On October 17, 2000, defendant was personally served a second time
with the Citation to Discover Assets. Defendant failed to appear in court
on October 31, 2000, and was held in contempt of court on November 30,
2000, for failing to appear.
 On January 23, 2001, defendant was served with a Notice of Real
Estate Levy Sale, a Judgment Certificate, a Direction to Levy on Real
Estate, a Commissioner's Appraisal for Execution Sale, an Oath of
Commissioners to Appraise Homestead, and a Summons of Commissioners to
Appraise Homestead. Defendant was again held in contempt of court on
February 22, 2001, for failing to appear. Notice of the sale of
defendant's residence was published in the Chicago Daily Law Bulletin on
February 15, 2001, and March 1, 2001, and the residence was sold pursuant
to Sheriff's sale on April 4, 2001. We were informed at oral argument that
it was the plaintiff who bought defendant's residence. The Citation
proceeding was dismissed on June 27, 2001.
 Defendant filed an "Emergency Petition to Vacate Void Judgment and
Set Aside Judicial Levy Sale," on October 4, 2001, the day his right of
redemption regarding the judicial levy sale was due to expire. Defendant's
petition and attached affidavit alleged:

 "2. This contract is part of an agreement between the Plaintiff
 and the Defendant for the supply of video gambling machines so
 that the customers of Royal Billiards could engage in gambling
 transactions.
 3. The customers of Royal Billiards would play the video
 gambling machines and be paid money for their winnings.
 4. Periodically, the Plaintiff's representatives would come to
 the Defendant's pool hall and empty the money from the gambling
 machines after checking the machines [sic] registers for the
 amounts won and lost.
 5. The money in the machines would be divided 40% to the
 Plaintiff and 60% to the Defendant, after all adjustments were
 made for the winnings that were paid out to the players.
 6. The Defendant has in his control, evidence that the machines
 in this case were used for illegal gambling, including but not
 limited to a stack of weekly records showing: the total amount
 taken in; the total amount paid out as winnings; the net profit;
 and the split of the net profit. Each of these records are
 [sic] initialed by a collector of the Plaintiff's company.
 * * *
 9. The contract is an agreement between the parties to engage in
 gambling transactions using said vending machines."

 In short, defendant alleged he willingly entered into an illegal
contract for profit.
 Defendant's affidavit also stated he asked plaintiff to remove the
machines because he no longer wanted them in his establishment. Defendant
requested that the court vacate the default judgment and the resulting levy
sale of his home as void because the judgment was entered on an illegal
gambling contract.
 The nature of defendant's pleadings in the trial court is not
completely clear. The full title of the document he filed is "EMERGENCY
PETITION TO VACATE VOID JUDGMENT & SET ASIDE JUDICIAL LEVY SALE." He never
indicated he was bringing his petition under section 2-1401 (735 ILCS 5/2-
1401 (West 2000)). Plaintiff responded to the petition as if it were
brought under section 2-1401, raising a due diligence issue. Although
defendant makes reference to section 2-1401 requirements in his appellate
brief, he never contends his petition to vacate was brought under that
provision of the Illinois Code of Civil Procedure. A party is not limited
to section 2-1401 when it asks for relief from a void order or judgment.
See section 2-1401(f): "Nothing contained in this Section affects any
existing right to relief from a void order or judgment or to employ any
existing method to procure that relief." 735 ILCS 5/2-1401(f) (West 2000).

 On October 11, 2001, plaintiff filed a motion to confirm the judicial
levy sale. On October 24, 2001, plaintiff filed a motion to dismiss
defendant's petition to vacate judgment. Plaintiff's motion alleged that
defendant failed to show due diligence in presenting his defense in the
original action or in his petition to vacate under section 2-1401 of the
Code of Civil Procedure. 735 ILCS 5/2-1401 (West 2000).
 Defendant filed an answer, arguing that a motion attacking a void
judgment is not subject to the time constraints of a petition to vacate or
to any section 2-1401 due diligence requirements. Plaintiff then filed a
reply, contending defendant offered no facts to support his assertion that
the judgment was void, that nothing about gambling appeared in the
contract.
 On December 19, 2001, the court granted plaintiff's motion to dismiss
defendant's petition, and on December 20, 2001, the court granted
plaintiff's motion to confirm the judicial levy sale. On December 27,
2001, defendant filed a motion to reconsider the court's order granting
plaintiff's motion, realleging his previous argument that the original
default judgment was void. On January 7, 2002, the court denied
defendant's motion to reconsider and dismissed the case with prejudice.
 In its order, the court said, "[n]othing the defendant alleged in its
motion to vacate could lead the court to believe this was a gambling
contract," and "[d]efendant's Motion to Vacate did not plead allegations of
due diligence." Defendant filed his notice of appeal on January 30, 2002.

DECISION
 Defendant contends his petition to vacate was sufficiently pled to
lead the trial court to find the default judgment was based on an illegal
gambling contract. Furthermore, defendant now contends that plaintiff
fraudulently withheld the illegal nature of the contract from the court, in
effect committing a fraud on the court. Defendant contends that based on
his allegation of fraud on the court by plaintiff, his delay in bringing
the petition to vacate should be excused. That was not a claim he made in
the trial court.
 Plaintiff responds that the contract stated nothing on its face
regarding gambling and thus was not a void illegal contract. Plaintiff also
contends defendant failed to allege any facts supporting the claim that the
court's judgment was procured by fraud and, further, defendant failed to
argue fraud before the lower court.
 The court order from which defendant appeals granted a motion by
plaintiff to dismiss defendant's petition to vacate the default judgment.
Plaintiff's motion contended that defendant failed to present facts
sufficient to support a motion to vacate a default judgment under section 2-
1401 of the Code of Civil Procedure. 735 ILCS 5/2-1401 (West 2000). When
a party files a section 2-615 motion challenging a petition for relief
under section 2-1401, the motion admits all well-pled facts and attacks
only the legal sufficiency of the petition. 735 ILCS 5/2-615 (West 2000);
Ostendorf v. International Harvester Co., 89 Ill. 2d 273, 280, 433 N.E.2d
253 (1982); In re Marriage of Hoppe, 220 Ill. App. 3d 271, 283, 580 N.E.2d
1186 (1991). We see no reason why the same admission by plaintiff should
not apply to defendant's Motion to Vacate Default Judgment.
 Defendant contends the allegations in his petition to vacate show
that the contract was an illegal gambling contract. Thus, the default
judgment based on the contract was void as a matter of law, and defendant
may bring a collateral attack against the judgment. A void judgment,
order, or decree may be attacked at any time or in any court either
directly or collaterally. Dec and Aque as Assignees of Michael G. Coan v.
Manning, 248 Ill. App. 3d 341, 347, 618 N.E.2d 367 (1993).
 In a petition to vacate a void judgment, the general rules pertaining
to section 2-1401 petitions--that they must be filed within two years of
the order or judgment, that the petitioner must allege a meritorious
defense to the original action, and that the petitioner must show that the
petition was brought with due diligence--do not apply. Sarkissian v.
Chicago Board of Education, No. 88530, slip op. at 14 (Ill. July 3, 2002).
The allegation that the judgment or order is void substitutes for and
negates the need to allege a meritorious defense and due diligence.
Sarkissian, No. 88530, slip op. at 14; Bank of Matteson v. Brown, 283 Ill.
App. 3d 599, 606, 669 N.E.2d 1351 (1996); People v. Reymar Clinic Pharmacy,
Inc., 246 Ill. App. 3d 835, 841, 617 N.E.2d 35 (1993).
 Although the contract stated nothing on its face about machines used
for gambling, defendant contends the "coin operated machines" mentioned in
the contract were actually video gambling machines used in furtherance of
an illegal gambling contract. In support of his position, defendant cites
section 28-7 of the Gambling Act, which states that all contracts "where
the whole or any part of the consideration thereof is for any money or
thing of value, won or obtained in violation of any Section of this Article
are null and void." 720 ILCS 5/28-7(a) (West 2000). Furthermore, any
obligation void under the Gambling Act may be set aside and vacated by any
court of competent jurisdiction, upon a complaint filed for that purpose.
720 ILCS 5/28-7(b) (West 2000).
 Defendant also relies on decisions holding contracts made in
furtherance of gambling are null and void. See Hall v. Montaleone, 38 Ill.
App. 3d 591, 592, 348 N.E.2d 196 (1976) (gambling contracts are absolutely
void and unenforceable, by reason of public policy); Brelsford v. Stoll,
304 Ill. App. 222, 226, 26 N.E.2d 159 (1940) ("alleged contract was illegal
and void from its inception as contravening the provisions of the gaming
statutes of Illinois and against public policy and was therefore
unenforceable"); Schneider v. Turner, 130 Ill. 28, 39, 22 N.E. 497 (1889)
("nothing is more clearly and firmly established by the common law, than
that all gambling contracts are void"); Mallett v. Butcher, 41 Ill. 382,
384 (1866) (all contracts having their origin in gaming are void, not
voidable, and it is immaterial when or how the fact is made patent to the
court). Defendant relies on Schneider, 130 Ill. at 39, in contending that
illegal gambling contracts are void whether the agreement is expressed on
the face of the contract or simply exists by secret understanding.
 Plaintiff responds that the court's judgment was not void, as
defendant contends, because the contract on which the judgment was based is
a legal contract for the lease of coin operated machines. Nothing is
stated in the contract regarding gambling. At best, plaintiff asserts,
defendant's argument that the contract was for gambling devices amounts to
an allegation of a meritorious defense.
 In support of its position, plaintiff contends orders or judgments
are "void" only where they are entered by a court lacking jurisdiction over
the parties or the subject matter of the litigation. Community Bank of
Plano v. Otto, 324 Ill. App. 3d 471, 474, 755 N.E.2d 532 (2001); Potenz
Corp. v. Petrozzini, 170 Ill. App. 3d 617, 618-19, 525 N.E.2d 173 (1988);
Mortimer v. Outlaw, 278 Ill. App. 3d 597, 602, 663 N.E.2d 113 (1996);
Walton v. Albers, 380 Ill. 423, 427, 44 N.E.2d 145 (1942). Once the court
has jurisdiction, an order will not be rendered void because of an error or
impropriety in the court's determination of law, and a court may not lose
jurisdiction merely because it makes a mistake in determining the facts,
the law, or both. Community Bank, 324 Ill. App. 3d at 474.
 In this case, as plaintiff correctly observes, the court obtained
personal jurisdiction over defendant when he was served with process on
September 16, 1999. The court also had subject matter jurisdiction over a
breach of contract action. Therefore, plaintiff contends, defendant is
incorrect in claiming that the court's order was void where the court
obtained jurisdiction over both the parties and subject matter.
 It is clear to us that the facts in defendant's affidavit, taken as
true for purposes of the section 2-615 motion, establish that this was a
gambling contract. The plaintiff and the defendant were to split the
proceeds 60-40 after deducting the winnings of the players. That is
gambling, pure and simple. We conclude the trial court erred when it held
defendant did not demonstrate in his affidavit that this was a gambling
contract.
 We also find the trial court erred when it relied on defendant's
failure to "plead due diligence." The Motion to Vacate was not brought
under section 2-1401, and it did not have to satisfy that section's due
diligence requirement.
 Defendant is entitled to a hearing on his factual allegations. At
that hearing the trial court is to consider whether defendant has proved
this was a void gambling contract and, if so, whether this defendant, as a
willing participant in the unlawful enterprise, is entitled to seek relief
in the courts. See Brelsford, 304 Ill. App. at 227 (When a contract is
illegal, courts of equity will neither compel the execution of the
agreement nor set it aside after it has been executed, "because to give
relief in such a case would injure and counteract public morals"). Also
see In re Marriage of Steinberg, 302 Ill. App. 3d 845, 857, 706 N.E.2d 895
(1998), where this court held a contract for splitting contingency fees was
void as against public policy, but where both parties to the contract are
equally at fault we will not aid either one, but will leave them where we
find them.
 Another consideration for the trial court is whether, if this should
turn out to be a gambling contract, the plaintiff perpetrated a fraud on
the courts that entered the default order and the order allowing the
Sheriff's sale. When doing so, the trial court should consider that
defendant, by his silence, was a willing participant in the fraud.
Outright fraud on the courts of this State is not to be countenanced. A
judgment procured by fraud is void and will not be enforced. Siddens v.
Industrial Commission, 304 Ill. App. 3d 506, 511, 711 N.E.2d 18 (1999);
Cook County Collector v. Barnard, 228 Ill. App. 3d 719, 733, 593 N.E.2d 538
(1991).
 It is true that defendant did not specifically raise the fraud issue
in the trial court, but it is too serious a matter for us to overlook. We
assume it will be raised this time. We do not expect that a party should
be rewarded because it was able to conceal the true nature of the contract
it seeks to enforce.
CONCLUSION
 For the reasons stated, we reverse the trial court's order granting
plaintiff's section 2-615 motion and remand this cause for further
proceedings consistent with this Opinion.
 Reversed and remanded.
 SOUTH, P.J., and HALL, J., concur.